JOAN WYSOCKI *v.* CITY OF DERBY ET AL.

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued May 6—decided July 21, 1953

*George J. Yudkin,* with whom was *Harold B. Yudkin,* for the appellant (plaintiff).

*Martin E. Gormley,* for the appellees (defendants).

CORNELL, J. The plaintiff, a minor, brought this action to recover damages from the city of Derby and St. Mary's Catholic Church Society for injuries sus-

tained by her on July 20, 1949. Her complaint sounded in negligence and nuisance. The court rendered judgment for the defendants and the plaintiff has appealed.

The finding, which is not subject to material correction, recites the following facts: The church society is the owner and the city the lessee of a parcel of land in Derby upon which there is a building. The entire premises are maintained by the city as a public playground for outdoor and indoor sports and games. One of the rooms of the building is equipped with a French window extending almost to the floor. The window is divided vertically into five tiers of glass panes. Each tier is divided horizontally into three panes. On July 20, 1949, the plaintiff, who was thirteen years old, entered the building accompanied by two other girls to play ping-pong. The table where the game was to be played was being used by some boys. While the plaintiff was standing near the French window waiting for the boys to finish their game, the ping-pong ball was batted in her direction. As she stooped to pick it up, a boy bumped against her. She was pushed backward in such a manner that her left foot went through a pane of glass and she was severely injured. The window was without any guard to prevent persons from coming in contact with it.

There was no liability on the part of either defendant on the ground of negligence. The city was exempted therefrom by reason of governmental immunity. *Epstein* v. *New Haven,* 104 Conn. 283, 284, 132 A. 467. The plaintiff in her brief contends that this court should overrule the "prevailing precedent in the State and declare that a municipal corporation may be held liable for any and all acts of negligence to the same extent and in the same manner as private

corporations and individuals." Limiting this claim to the matter before us, we point out that "[i]t is the settled law of this state that a municipal corporation is not liable for negligence in the performance of a governmental function." *Lambert* v. *New Haven,* 129 Conn. 647, 649, 30 A.2d 923; *Hannon* v. *Waterbury,* 106 Conn. 13, 16, 136 A. 876. A city in operating and managing a public park acts as a governmental agency exercising an authority delegated to it by the state. *Epstein* v. *New Haven,* supra. Liability for the negligent performance of a purely public governmental duty may occur only when a statute so provides. Ibid.; *Pope* v. *New Haven,* 91 Conn. 79, 80, 99 A. 51. In view of the long and consistent position of the courts on the subject, the plaintiff's plea is one to be acted upon by the legislature rather than by this court.

The lease between the defendants is not set forth in the finding and there is nothing in the record to substantiate any claim on the plaintiff's part that the church society was liable for either negligence or nuisance. *Webel* v. *Yale University,* 125 Conn. 515, 7 A.2d 215.

Any liability attaching to the city is restricted, in view of the foregoing, to the ground of nuisance. The plaintiff claims that the position of the unguarded window constituted a dangerous condition which had a tendency to inflict injury upon children playing within the room in question. Whether or not the unguarded window under the relevant conditions constituted a nuisance was a question of fact. *De-Lahunta* v. *Waterbury,* 134 Conn. 630, 635, 59 A.2d 800. The court's conclusion that it did not is decisive of this claim.

There is no error.

In this opinion the other judges concurred.