[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff claims, in the third count of the CT Page 9661 complaint, that the plaintiff sustained injuries while at the Municipal Parking Lot owned by the defendant Town of West Hartford. The injury was caused directly by a tow cable utilized by the defendant Matties Automotive Service while operating a tow truck attempting to tow a vehicle from the Municipal Parking Lot.
As against the Town of West Hartford the plaintiff claims that a West Hartford Police Officer was present at the time and that the officer failed to warn the plaintiff of the dangerous nature of the tow cable being on the ground and attached to the tow truck, and that he should have known of the dangerous condition and should have remedied the same.
The defendant Town of West Hartford moves to strike the complaint "on the grounds that it is barred by Connecticut General Statutes § 52-557n(b)(6)."
General Statutes § 52-557 (a)(1) provides that "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivisions or any employee, officer or agent acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit . . . (C)"
The subsection of the statute relied upon by the defendant Town of West Hartford is subsection (b)(6) of General Statutes § 52-557n. This subsection states: "(b) Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: . . . (6) the act or omission of someone other than an employee, officer or agent of the political subdivision; . . . (7)"
The issues presented by this motion are substantially more complex than would appear at first glance. The defendant is pleading, in essence, that to the extent governmental immunity has been narrowed or limited by this statute, yet the statute must be construed to require that any act or omission on the part of the defendant town must be the sole proximate CT Page 9662 cause of the injuries.
General Statute § 52-577n(a)(1)(B) does reaffirm the common law exclusion from governmental immunity for "functions from which the political subdivision derives a corporate profit or pecuniary benefit; . . ."
At common law municipalities did not have governmental immunity for the performance of proprietary functions.
 "In collecting, distributing and vending water, it was engaged in the performance of acts done in the management of its property or right for its own corporate benefit or profit and that of its inhabitants, and for injuries caused by it through its negligent acts, it cannot plead governmental immunity."
Richmond v. Norwich, 96 Conn. 582, 588 (1921)
As the role of government has expanded, courts have been more inclined to attribute to municipal activities the designation of a governmental activity, rather than a proprietary function. For example, the operation of a public park has been determined to be a governmental activity. SeeWzsacki v. Derby, 140 Conn. 173, 175 (1953) as to the operation of public parks. The mere charging of a small fee "covering a part of the maintenance of a pool" and its attendant expenses would not in and of itself cause an otherwise governmental activity to be a proprietary function. See Hannon v. Waterbury, 106 Conn. 13, 17 (1927).
In the instant case it would be a question of fact as to whether the operation of the municipal parking lot is a governmental function, or, conversely, a proprietary function. Such a question of fact would devolve upon such questions as whether parking fees are charged, whether the town merely covers part or all of its costs and expenses or conversely generates a profit; whether it is operated merely for the comfort and convenience of the citizens therefore providing a "corporate benefit", or conversely whether it is in fulfillment of a governmental function related to the health, safety and welfare of the public at large. Further considerations relate to whether an activity is traditionally performed by the private sector. This court has found no CT Page 9663 Connecticut cases dealing with municipal parking lots, and hence cannot find that as a matter of law this municipal parking lot is a governmental rather than proprietary function.
There can be little question but that if the town is in fact engaged in a proprietary function it would at common law have the same duties as would a private possessor of property. Such duty would include the duty to inspect and the duty to warn. Such duties are claimed by the plaintiff, and are alleged to have been violated by the defendant town. This court cannot read into General Statutes § 52-557n an intent to exempt a governmental entity, engaged in a proprietary function, from traditional duties owed to business invitees. To the extent that the statute may be argued to be in derogation of common law, it must be narrowly construed, and must be construed so as to avoid potential constitutional infirmities.
If it is assumed, arguendo, that the operation of the Municipal Parking Lot is a governmental, not a proprietary function, yet it is claimed by the plaintiff that a particular police officer was on the scene, and could have and should have prevented the injuries to the plaintiff. The law recognizes limited defenses to the defense of governmental immunity. Such a defense exists where it appears that the municipal officer has subsumed "a special duty to the individual claiming injury." See Lestito v. Groton, 178 Conn. 520,528 (1974).
 "We have recognized the existence of such duty in situations where it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm."
Howe v. Stonington, 187 Conn. 147, 153 (1982).
Whether such circumstances exist in the instant case presents a threshold question of fact, which cannot be resolved by a motion to strike.
The defendant would read General Statutes § 52-577n(b)(6) to indicate that so long as the injury may have been caused in part by the negligence of a third party, that subsection bars CT Page 9664 any action against the municipality, even if the negligence of the municipality may have contributed to the injury.
It is true that where a cause of action is strictly statutory the governmental entity must be the sole proximate cause of the injuries. See Roth v. MacDonald, 124 Conn. 461,463 (1938). General Statutes § 52-577n(b)(6) does not state a requirement of sole proximate cause. Furthermore, if the plaintiff has a cause of action against the defendant town, either under the theory of a proprietary activity, or under the theory of a specific "identifiable person", those causes of action are at common law and are not statutory. Hence, the proposition of sole proximate cause would not be here applicable.
This court must construe the allegations of the complaint in a fashion as is most favorable to the non-moving party.Amodio v. Cunningham, 182 Conn. 80,82,83 (1980).
The plaintiff is entitled to prove, under the allegations of the complaint, that the operation of this municipal parking lot is a proprietary rather than a governmental function, thus imposing upon the town the obligation of one who is in control of and actively operating a proprietary business on said land. The plaintiff is entitled to prove, under the allegations of the complaint, which incorporates the notice to the town, that even if the activity is governmental, yet she was an identifiable person subject to imminent harm, and hence may have a common law cause of action against the town.
For the reasons set forth herein the motion to strike is denied.
L. Paul Sullivan, J.