[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#107)
Before the court is the defendant's motion for summary judgment on the grounds that a municipality is immune in the performance of a public duty, that the plaintiff failed to allege a statute abrogating the defendant's immunity and that the plaintiff failed to allege the negligence of an individual employee of the municipality.
 I BACKGROUND
On June 8, 2000, the plaintiff, Christime F. Green, filed a complaint sounding in negligence alleging she suffered a sprained ankle when she stepped onto a crack in the surface of the tennis court at the Huckleberry Recreational Center in Avon, Connecticut (the recreation center). She further alleges that the tennis court was in the possession of the defendant, the town of Avon. The recreation center is a public park open to all residents of Avon, free of charge. (See Affidavit of Glenn Marston, dated June 13, 2000, ¶¶ 5-7.)
The defendant timely filed an answer and special defenses alleging contributory negligence and governmental immunity. On July 10, 2000, the defendant filed a motion for summary judgment on its special defense of governmental immunity along with a supporting memorandum of law and an affidavit of Glenn Marston. The plaintiff timely filed an objection.[1]
CT Page 7984 The court heard oral argument on January 30, 2001, and requested supplemental briefs by both parties, which were filed on February 23, 2001. The court has reviewed the pleadings, affidavits and other related filings and now issues this memorandum of decision.
 II STANDARD OF REVIEW
Pursuant to Practice Book § 17-49, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v.St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000).
"The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. United Technologies Corp., 233 Conn. 732,751-52, 660 A.2d 810 (1995). "[T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Internal quotation marks omitted.) Harvey v. BoehringerIngelheim Corp., 52 Conn. App. 1, 5, 724 A.2d 1143 (1999); see also Nolanv. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "A "material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990).
 III DISCUSSION
The defendant moves for summary judgment on the grounds that a municipality is immune from liability for negligence in the performance of an act done out of a public duty for a public benefit and not for CT Page 7985 profit, the plaintiff failed to allege a statute abrogating governmental immunity, and the plaintiff failed to allege negligence on the part of an individual employee of the municipality. The plaintiff objects to the motion for summary judgment arguing that the statutes pertaining to municipal liability clearly permit the plaintiff's action and that there is no requirement for a plaintiff to name an individual in a negligence action against a municipality.
The court finds that it is not mandatory to specifically identify the number of the statute relied upon in a pleading. See Rowe v. Godou,209 Conn. 273, 275, 550 A.2d 1073 (1988). Furthermore, the court must construe the complaint generously and in a manner that tends to sustain its viability. See Heyman Associates No. 1 v. Ins. Co. of Pennsylvania,231 Conn. 756, 796, 653 A.2d 122 (1995); Criscuolo v. Mauro Motors,Inc., 58 Conn. App. 537, 545, 754 A.2d 810 (2000). While the plaintiff has not specifically pled that she intends to rely on an exception to governmental immunity pursuant to General Statutes § 52-557n, the allegations of the complaint are sufficient to alert the court and the defendant to that fact. Thus, the failure to cite a statute number is not fatal to her cause of action.
The defendant also argues, relying on Williams v. New Haven,243 Conn. 763, 707 A.2d 1251 (1998), that the plaintiff's complaint is defective because she failed to allege negligence of an individual employee. Williams does not stand for such a broad proposition. The court in Williams discusses the need to allege negligence of an individual only in the context of going forward under the exception to governmental immunity provided by general Statutes § 7-465. See id., 769. Section52-557n (a)(1)(A) allows liability of a municipality directly.
Finally, the defendant argues that it is shielded from liability by the doctrine of governmental immunity. "The legislature . . . has set forth [the] general principles of municipal liability and immunity in General Statutes § 52-557n." Williams v. New Haven, supra, 243 Conn. 767. Section 52-557n codifies the common law doctrine; see Elliot v.Waterbury, 245 Conn. 385, 410-411, 715 A.2d 27 (1998); Ficocelli v.O'Connor, Superior Court, judicial district New Britain, Docket No. 495522 (January 17, 2001, Shapiro, J.); and its provisions are consistent with the common law doctrine as it developed in our courts. General Statutes § 52-557n (a)(1)(A) confers liability on a municipality "for damages to person or property caused by . . . [t]he negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties. . . ."[2] Municipal liability is limited, however, by the exceptions in § 52-557n (a)(2), which provides that "a political subdivision of the state shall not be CT Page 7986 liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." The statute codifies "the common law rule that municipalities and their employees or agents have immunity from negligence liability for governmental acts involving the exercise of judgment or discretion as opposed to those acts which are purely ministerial in nature, i.e. those which are performed in a prescribed manner without the exercise of judgment or discretion." Nemecek v.Ashford, Superior Court, judicial district Rockville, Docket No. 070811 (December 14, 2000, Bishop, J.).
The defendant argues that a public park is maintained by the city as a public benefit and, therefore, is a governmental act that is protected by governmental immunity. The defendant relies on Hannon v. Waterbury,106 Conn. 13, 136 A. 876 (1927), Carta v. Norwalk, 108 Conn. 697,145 A. 158 (1929), and Wysocki v. Derby, 140 Conn. 173, 98 A.2d 659
(1953), to support its proposition. While the court agrees that maintenance of a public park is generally a public duty, more recent cases have held, however, that "[w]hether a public or private duty is established, there is no potential liability if the act complained of is a discretionary act that does not fit into any of the narrow exceptions. . . . The finding of a public duty is often, but not always, dispositive of whether the act is a discretionary one. . . . If a public duty exists, an official can be liable only if the act complained of is a ministerial act or one of the narrow exceptions to discretionary acts applies." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 169-70,544 A.2d 1185 (1988).
"Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . In contrast [m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." Mulligan v.Rioux, 229 Conn. 716, 727, 643 A.2d 1226 (1994). "Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint." (Citation omitted.) Colon v. New Haven, 60 Conn. App. 178, 181-82, 758 A.2d 900, cert. denied, 255 Conn. 908, 763 A.2d 1034 (2000). The plaintiff's complaint alleges the defendant failed to adequately supervise and inspect the tennis court; (see Complaint, ¶ 7, subparagraph b); failed to remedy or repair the unsafe condition; (see Complaint, ¶ 7, subparagraphs a, d); and failed to maintain the tennis court in a safe CT Page 7987 condition; (see Complaint, ¶ 7, subparagraphs c, f); and failed to adequately warn of the condition of the court.[3] (See Complaint, ¶ 7, subparagraph e.)
"[W]hat constitutes a reasonable, proper or adequate inspection involves the exercise of judgment. . . . [A]n inspector's decision as to whether a [facility] falls below a standard and whether remedial orders are therefore required involves the exercise of his or her judgment. It is axiomatic that "ministerial acts [are those that] are performed in a prescribed manner without the exercise of judgment. . . ." (Internal quotation marks omitted.) Evon v. Andrews, 211 Conn. 501, 506,559 A.2d 1131 (1989). The plaintiff's allegations amount to a failure to adequately inspect and repair or warn of the condition found, all of which require judgment on the part of the inspector as to whether the condition warrants repair or warning. See Knoob v. North Branford, Superior Court, judicial district of New Haven at New Haven, Docket No. 389536 (July 7, 2001, Doherty, J.). The plaintiff did not allege in her complaint that the defendant's inspection of the tennis courts and failure to repair the crack violated a proscribed standard set forth in statute, ordinance or directive of any kind. Nor did the plaintiff submit evidence of such a standard with her objection to the motion for summary judgment. Accordingly, the court finds that the plaintiff's allegations can only be construed as discretionary acts.
Not all discretionary acts, however, are protected by governmental immunity. "Our courts recognize three . . . exceptions: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Internal quotation marks omitted.) Purzycki v. Fairfield, 244 Conn. 101,108, 708 A.2d 937 (1998). Only the identifiable persommminent harm exception is applicable in the present case.
The defendant also argues that the plaintiff does not meet the requirements of the identifiable person-imminent harm exception.[4] The plaintiff argues, to the contrary, the she does fall within the exception.
Connecticut courts recognize an exception to governmental immunity for discretionary acts "where the circumstances make it apparent . . . [that a] failure to act would be likely to subject an identifiable person to imminent harm." (Internal quotation marks omitted.) Colon v. New Haven, supra, 60 Conn. App. 184. "The identifiable person-imminent harm CT Page 7988 exception applies not only to identifiable individual but also to narrowly defined classes of foreseeable victims. . . . In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Id. Courts have also considered "whether the relationship was of a voluntary nature . . . the seriousness of the injury threatened . . . the duration of the threat of injury and whether the persons at risk had the opportunity to protect themselves from harm."Burns v. Board of Education, 228 Conn. 640, 647-48, 638 A.2d 1 (1994).
The facts in the present case are not sufficient to establish that the plaintiff belonged to an identifiable group subject to imminent harm. The affidavit of Glenn Marston avers that "Huckleberry Hill Recreation Area is a public park"; (Affidavit of Marston, ¶ 5); which is "open for the use and benefit of residents of Avon." (Affidavit of Marston, ¶ 6.) The group to which the plaintiff belongs consists of all residents of Avon; the plaintiff has not alleged any fact that would put her into a more identifiable class of persons. Unlike schoolchildren who are injured during hours at which they are statutorily mandated to attend school; seePurzvcki v. Fairfield, 244 Conn. 101, 708 A.2d 937 (1998); this plaintiff voluntarily chose to play on this particular tennis court. Additionally she had the opportunity to protect herself by choosing not to play tennis at all or by choosing a different court on which to play. Further the dangerous condition alleged was not temporary in nature as anyone using the tennis court at any time would have come into contact with its condition. See id. (finding that the one-half hour interval when second grade students were dismissed from the lunchroom to traverse an unsupervised hallway on their way to recess was sufficiently limited in duration to qualify under the exception); Colon v. New Haven, supra,60 Conn. App. 187 (finding that "the danger presented was limited in duration, as it could happen only when students are in the hallway in a dangerous spot"). Accordingly, the court finds that the identifiable person-imminent harm exception does not apply in the present case. The defendant's motion for summary judgment is hereby granted.
 IV CONCLUSION
The court finds, as a matter of law, that the acts alleged by the plaintiff were discretionary in nature. The court further finds that the plaintiff is not within the identifiable person-imminent harm exception for discretionary acts. Accordingly, the defendant is protected by governmental immunity and its motion for summary judgment is hereby CT Page 7989 granted.
BY THE COURT,
 PATRICIA A. SWORDS JUDGE OF THE SUPERIOR COURT