[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to strike five of the six counts of the plaintiff's revised complaint. The plaintiff, Joan Peterson, alleges that she attended a fireworks display sponsored by the North Canaan Chamber of Commerce on or about July 25, 1998. The display took place at a park owned by the defendant town of North Canaan that is known as Lawrence Field. While in attendance at the display, the plaintiff allegedly fell into a ditch and sustained injuries. The plaintiff filed a second revised complaint in six counts on December 1, 2000, against the town of North Canaan, First Selectman Douglas E. Humes, Jr., and the Chamber of Commerce sounding in negligence, absolute nuisance and negligent nuisance.
The town of North Canaan and Douglas E. Humes, Jr. have moved to strike the first, second, third, fourth and sixth counts of the second revised complaint on the grounds that the plaintiff failed to provide proper notice pursuant to General Statutes § 7-465 and that the plaintiff's claims are barred by the doctrine of governmental immunity. They also claim that the nuisance claims found in the second and third counts of the second revised complaint should be stricken pursuant to General Statutes § 52-557n(b) because the ditch was intended for drainage and was used by the plaintiff in a manner that was not foreseeable.
The plaintiff opposes the defendant's motion on the grounds that the complaint sufficiently alleges compliance with the notice requirement of § 7-465 and that it is not apparent from the face of the complaint that the acts and omissions of the defendant were discretionary or governmental in nature. The plaintiff further asserts that even if the court were to make such a determination, the plaintiff was an identifiable person subject to imminent harm. As for the defendants' claim regarding the exception to liability for nuisance claims in §52-557n(b), the plaintiff claims that the exception is inapplicable because the plaintiff does not allege that she used the ditch but rather that she fell into it. Also, the plaintiff claims that she simply alleges that she fell into a ditch, not any of the structures enumerated in the statute. CT Page 8019
 I.
The defendant first claims that the plaintiff's first, second, third, fourth and sixth counts should be stricken for the plaintiff's failure to provide proper notice pursuant to C.G.S. § 7-465. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v.Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action."Napoletano v. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216,232-33, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103,117 S.Ct. 1106,137 L.Ed.2d 308 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). In ruling on a motion to strike, the court may only consider the grounds set forth in the motion. Blancato v. Feldspar, 203 Conn. 34, 44,522 A.2d 1235 (1987).
Section 7-465 states, in pertinent part, that "[n]o action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless . . . written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued." The plaintiff alleges in the complaint that she gave timely notice of her intention to commence this action. While the defendant disputes the plaintiff's claim of timeliness, in considering a motion to strike, the court "must take as true the facts alleged in the plaintiff's complaint. . . ." Peter-Michael, Inc. v. SeaShell Associates, supra, 244 Conn. 270. A motion to strike is tested by the facts provable under the allegations of the complaint. Fraser v.Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977). Since the plaintiff has alleged that she gave timely notice pursuant to § 7-465, the motion to strike is denied on those grounds.
 II.
The defendant next claims that the plaintiff's first, second, third, fourth and sixth counts should be stricken on the basis of the doctrine of governmental immunity. "[I]t is the settled law of this state that a municipal corporation is not liable for negligence in the performance of a governmental function. . . . This court has previously stated that [a] municipality itself was generally immune from liability for its tortious CT Page 8020 acts at common law. . . . We have also recognized, however, that governmental immunity may be abrogated by statute. . . . Thus, the general rule developed in our case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity." (Brackets in original; citations omitted; internal quotation marks omitted.) Williams v. New Haven,243 Conn. 763, 766-67, 707 A.2d 1251 (1998).
"A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . [M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Gauvin v. New Haven,187 Conn. 180, 184, 445 A.2d 1 (1982).
"Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike on the ground of governmental immunity, however, is only proper when "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff." Brown v. Branford, 12 Conn. App. 106,111 n. 3, 529 A.2d 743 (1987); see also Fraser v. Henninger, supra,173 Conn. 61 ("[i]n the absence of a proper basis for determining whether the municipal employee was in the performance of a governmental duty, the complaint is not demurrable on the ground that any violation of the duties involved discretionary or supervisory functions").
Here, the plaintiff alleges that the defendant town was the owner of and had exclusive control of a park known as Lawrence Field in the town of North Canton. The plaintiff further alleges that the town had a duty to maintain the park in a reasonably safe condition. The plaintiff alleges that she fell into a drainage ditch in the park and was injured and suffered losses. The plaintiff alleges that the town and its employees were negligent in allowing the unsafe and dangerous ditch to remain on the property and to otherwise protect or warn persons regarding its existence.
However, the operation and management of a public park is a governmental function. Wysocki v. Derby, 140 Conn. 173, 175, 98 A.2d 659 (1953).
Ordinarily, a municipality is immune from liability for the negligent performance of a governmental function. There are three exceptions to immunity from liability for the performance of governmental or CT Page 8021 discretionary acts: (1) "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . [(2)] where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; . . . [(3)] where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Evon v. Andrews, 211 Conn. 501,505, 559 A.2d 1131 (1989). Because it is clear from the complaint that the second and third exceptions do not apply, the question is whether the plaintiff properly pleads that she was an identifiable person subject to imminent harm, thus excepting this case from the immunity that attaches to governmental or discretionary acts. See Purzycki v. Fairfield,244 Conn. 101, 108, 708 A.2d 937 (1998).
"The identifiable person-imminent harm exception applies not only to identifiable individuals but also to narrowly defined classes of foreseeable victims." (Internal quotation marks omitted.) Colon v. Cityof New Haven, 60 Conn. App. 178, 184, 758 A.2d 900, cert. denied,255 Conn. 908, 763 A.2d 1034 (2000) (holding that a public school student was identifiable and within the foreseeable class of victims in an accident that occurred in a school building); see also Burns v. Board ofEducation, 228 Conn. 640, 646, 638 A.2d 1 (1994). In Evon v. Andrews, supra, 211 Conn. 508, however, the Supreme Court held that this exception to municipal immunity did not apply. There, the Supreme Court found that the plaintiffs, "possible victims of an unspecified fire that may occur at some unspecified time in the future" were not a group of "identifiable persons" within the meaning of Shore v. Stonington, 187 Conn. 147,153-54, 444 A.2d 1379 (1982). Id.
The Court of Appeals recently addressed the same question in Tryon v.Town of North Branford, 58 Conn. App. 702, 710, 755 A.2d 317 (2000). InTryon, the plaintiff was a firefighter waiting to march in a parade. While waiting in a staging area one block away from the parade route, the plaintiff was bitten by a dalmatian that was authorized to come to the parade and presumably to march with the firefighters. The court found that the plaintiff was identifiable as a matter of law, stating that "an individual may be `identifiable' for purposes of the exception to qualified governmental immunity if the harm occurs within a limited temporal and geographical zone, involving a temporary condition." The court, however, found that the question of whether the plaintiff was in imminent harm was a question of fact.
In the present case, the plaintiff alleges that she was at Lawrence Field on or about July 25, 1998, attending an annual fireworks display and that while walking to her place on the field, she fell into a ditch. While the harm occurred during a special event, itself limited temporally CT Page 8022 and geographically and involving a temporary condition, the condition that allegedly caused the plaintiff's injuries, the presence of a ditch, was not temporary. Given the ongoing nature of the condition of the ditch, the harm could have occurred "at any future time or not at all" to any class of possible victims," See Evon v. Andrews, supra, 211 Conn. 508. Since the condition was ongoing and not temporary, the plaintiff cannot be said to have been an "identifiable person" for purposes of the exception to qualified immunity of a municipal employee. Therefore, the defendant's motion to strike counts one, four and six are granted as they allege negligence on the part of the town and/or its employees.
 III.
The defendant next claims that the plaintiff's second and third counts should be stricken on the basis that a claim for absolute nuisance is limited by statute. As for the defendants' contention that the counts sounding in nuisance, counts two and three, should be stricken pursuant to § 52-557n(b), the plaintiff does not allege in her complaint that she "used" the ditch, rather that she fell into it. Hence, there is no basis upon which this court may find that it was used in an unforeseeable manner. Furthermore, the plaintiff has not alleged, nor is it clear, that the ditch falls into any of the categories listed in § 52-557n (b). A motion to strike may not be granted where the grounds for such motion are dependent upon facts not alleged in the complaint. Liljedahl Brothers,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). Therefore, the defendant's motion to strike counts two and three are denied.
 IV.
For the foregoing reasons, the defendants' motion to strike counts one, four, and six are granted and the defendant's motion to strike counts two and three are denied.
Matasavage, J.