GERALDINE BAILEY, ADMINISTRATRIX (ESTATE
OF CHRISTOPHER D. BAILEY), ET AL. *v.* TOWN
OF WEST HARTFORD ET AL.
(AC 27479)

Flynn, C. J., and Gruendel and Rogers, Js.

Argued January 11—officially released May 1, 2007

*Joseph M. Merly*, with whom, on the brief, was *John R. Williams*, for the appellants (named plaintiff et al.).

*Nicole D. Dorman*, with whom was *Anne M. Rajotte*, for the appellees (named defendant et al.).

#### Opinion

FLYNN, C. J. The plaintiff, Geraldine Bailey, as administratrix of the estate of her grandson, Christopher D. Bailey,[1] appeals from the judgment of the trial court

---

[1] Geraldine Bailey also brought suit, individually, against W. Neal Fisher, the West Hartford fire department battalion commander, alleging negligent infliction of emotional distress. Richard Bailey, Sr., also was a plaintiff and alleged a claim against Northeast Utilities Service Company, doing business as Connecticut Light and Power Company. These claims are not a part of this appeal, and, therefore, we refer only to Geraldine Bailey, in her capacity as the administratrix, as the plaintiff. See also footnotes 2 and 3.

rendered after the granting of the defendants'[2] motion to strike. On appeal, the plaintiff claims that the court improperly granted the motion to strike, which alleged that the doctrine of governmental immunity barred the plaintiff's action. We affirm the judgment of the trial court.

The following factual allegations from count one of the plaintiff's amended complaint are relevant to the appeal. In the early morning hours of January 8, 2004, fifteen year old Christopher D. Bailey (decedent) tragically died from extreme heat and smoke inhalation following a fire at his West Hartford residence that had begun during the night. The plaintiff alleged that at approximately 12:57 a.m., the West Hartford fire department received several 911 telephone calls concerning the fire, to which the fire department responded. The plaintiff further alleged that the fire department "personnel did not reach [the decedent] for several hours, by which time he had died . . . ."

The plaintiff alleged that the defendants had failed to use their best efforts to rescue the decedent from his burning home. Specifically, the plaintiff asserted that the supervising firefighters failed to secure additional firefighting equipment promptly, failed to respond to the 911 telephone calls within a reasonable period of time and failed to have the firefighters under their command react quickly and use certain equipment, and that the firefighters failed to utilize proper equipment with reasonable speed.

---

[2] The plaintiff's complaint named the following defendants: the town of West Hartford; Assistant Fire Chief Michael Sinsigalli; Fisher; engine officer William K. Kall; Captain John S. Brice; firefighters William Beebe, Jr., Keith R. Byrne, Michael D. Pineault, and Lawrence A. Chapman; and Northeast Utilities Service Company. Because Northeast Utilities Service Company was not a party to the motion to strike, it is not a party to this appeal, and, in any event, the trial court granted its motion for nonsuit against Geraldine Bailey, in her capacity as administratrix, and against Richard Bailey, Sr.

On May 6, 2005, the defendants filed a motion to strike all counts against them[3] on the ground of governmental immunity.[4] Alternatively, the defendants claimed that count one, alleging negligence, and count twelve, alleging negligent infliction of emotional distress, were legally insufficient.[5] The court granted the defendants' motion to strike all relevant counts of the complaint on January 20, 2006. Following the court's ruling on the defendants' motion to strike, the defendants filed a motion for judgment, and the court rendered judgment in favor of the defendants in accordance with Practice Book § 10-44.[6] This appeal followed, limited to counts three, four, five, seven, eight, ten and eleven.[7]

---

[3] Counts one through twelve were directed at the defendants.

[4] On May 6, 2005, the defendants filed a motion to strike all relevant counts of the plaintiff's complaint dated April 19, 2005. While the motion to strike was pending, the plaintiff filed an amended complaint dated June 15, 2005. Both parties agree that the June 15, 2005 complaint is the operative complaint. Practice Book § 10-61 provides in relevant part that "pleadings already filed by the adverse party shall be regarded as applicable so far as possible to the amended pleading." Therefore, in accordance with Practice Book § 10-61, the defendants' May 6, 2005 motion to strike was directed properly at the relevant counts of the plaintiff's complaint dated June 15, 2005.

[5] At a short calendar hearing on September 26, 2005, the court granted the defendants' motion to strike count twelve of the complaint with no opposition from the plaintiff. Counts six and nine were withdrawn by the plaintiff.

[6] Practice Book § 10-44 provides in relevant part: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint, or any count in a complaint, counterclaim or cross complaint has been stricken, and the party whose pleading or a count thereof has been so stricken fails to file a new pleading within that fifteen day period, the judicial authority may, upon motion, enter judgment against said party on said stricken complaint, counterclaim or cross complaint, or count thereof. . . ."

[7] Although the plaintiff appealed from the judgment rendered after the trial court granted the defendants' motion to strike, the plaintiff does not claim in her brief that the trial court improperly ruled with respect to counts one and two, which concern the town of West Hartford and Sinsigalli, respectively. Accordingly, we deem any claims pertaining to those counts abandoned. Hereinafter, in this opinion, we use the term "defendants" to refer to Fisher, Kall, Brice, Beebe, Byrne, Pineault and Chapman.

On appeal, the plaintiff claims the court improperly granted the defendants' motion to strike. Specifically, the plaintiff argues that the actions of the defendants were not shielded by the doctrine of governmental immunity because the facts alleged in the complaint are sufficient to establish the applicability of the identifiable person-imminent harm exception to discretionary act immunity. We are not convinced.

"[T]he interpretation of pleadings is always a question [of law] for the court . . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded . . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient . . . ." (Internal quotation marks omitted.) *Witczak* v. *Gerald*, 69 Conn. App. 106, 108–109, 793 A.2d 1193 (2002).

"The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) *Sullivan* v. *Lake*

*Compounce Theme Park, Inc.*, 277 Conn. 113, 117–18, 889 A.2d 810 (2006).[8]

The following principles of governmental immunity are relevant to our resolution of the claims raised by the plaintiff on appeal. "The [common-law] doctrines that determine the tort liability of municipal employees are well established. . . . Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . The hallmark of a discretionary act is that it requires the exercise of judgment. . . . In contrast, [m]inisterial refers to a duty [that] is to be performed in a prescribed manner without the exercise of judgment or discretion. . . .

"Municipal officials are immunized from liability for negligence arising out of their discretionary acts in part because of the danger that a more expansive exposure to liability would cramp the exercise of official discretion beyond the limits desirable in our society. . . . Discretionary act immunity reflects a value judgment that—despite injury to a member of the public—the broader interest in having government officers and employees free to exercise judgment and discretion in

---

[8] Because governmental immunity usually must be raised as a special defense in the defendant's pleadings; *Westport Taxi Service, Inc.* v. *Westport Transit District*, 235 Conn. 1, 24, 664 A.2d 719 (1995); a motion to strike ordinarily is an improper method for raising such a claim. However, our Supreme Court has approved of the defendant attacking the legal sufficiency of the complaint through a motion to strike "[w]here it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff." (Internal quotation marks omitted.) *Violano* v. *Fernandez*, 280 Conn. 310, 321, 907 A.2d 1188 (2006); see also *Doe* v. *Board of Education*, 76 Conn. App. 296, 299 n.6, 819 A.2d 289 (2003).

their official functions, unhampered by fear of second-guessing and retaliatory lawsuits, outweighs the benefits to be had from imposing liability for that injury. . . . In contrast, municipal officers are not immune from liability for negligence arising out of their ministerial acts, defined as acts to be performed in a prescribed manner without the exercise of judgment or discretion. . . . This is because society has no analogous interest in permitting municipal officers to exercise judgment in the performance of ministerial acts. . . .

"There are three exceptions to discretionary act immunity. Each of these exceptions represents a situation in which the public official's duty to act is [so] clear and unequivocal that the policy rationale underlying discretionary act immunity—to encourage municipal officers to exercise judgment—has no force. . . . First, liability may be imposed for a discretionary act when the alleged conduct involves malice, wantonness or intent to injure. . . . Second, liability may be imposed for a discretionary act when a statute provides for a cause of action against a municipality or municipal official for failure to enforce certain laws. . . . Third, liability may be imposed when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . ." (Citations omitted, internal quotation marks omitted.) *Violano* v. *Fernandez*, 280 Conn. 310, 318–20, 907 A.2d 1188 (2006).

In the present case, the plaintiff acknowledges that the duty allegedly breached was discretionary in nature, but contends that the identifiable person-imminent harm exception is applicable. The identifiable person-imminent harm exception "to the general rule of governmental immunity for employees engaged in discretionary activities has received *very limited* recognition in this state." (Emphasis added.) *Evon* v. *Andrews*, 211 Conn. 501, 507, 559 A.2d 1131 (1989). The exception

applies when "the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . . By its own terms, this test requires three things: (1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm." (Citation omitted; internal quotation marks omitted.) *Doe* v. *Petersen*, 279 Conn. 607, 616, 903 A.2d 191 (2006). Because the failure to establish *any one* of the three prongs precludes the application of the identifiable person-imminent harm exception; see *Violano* v. *Fernandez*, supra, 280 Conn. 329; we turn to the third element in order to resolve the present appeal.

In two cases, our Supreme Court has relied on a public officer's lack of awareness of the imminent harm, to which his or her conduct likely subjected an identifiable victim, as the basis for concluding that discretionary act immunity protected defendants from liability. See *Doe* v. *Petersen*, supra, 279 Conn. 620; *Shore* v. *Stonington*, 187 Conn. 147, 154, 444 A.2d 1379 (1982). First, in *Shore* v. *Stonington*, supra, 150–51, the plaintiff's decedent was killed by an intoxicated motorist who had been stopped earlier by a police officer but had been allowed to continue to drive despite visible signs of intoxication. Our Supreme Court held that the police officer was shielded pursuant to the doctrine of discretionary act immunity, reasoning, in part, that the police officer could not have been aware that the motorist's conduct threatened an identifiable victim with imminent harm. Id., 154.

Recently, in *Doe* v. *Petersen*, supra, 279 Conn. 609–10, 616–20, our Supreme Court addressed the apparentness prong in a case involving a public officer's allegedly negligent response to the plaintiff's failed attempt to inform the public officer that another municipal employee had sexually assaulted her. After explaining

the apparentness prong as being "grounded in the policy goal underlying all discretionary act immunity, that is, 'keeping public officials unafraid' to exercise judgment," our Supreme Court noted that "[i]t surely would ill serve this goal to expose a public official to liability for his or her failure to respond adequately to a harm that was *not* apparent to him or her." (Emphasis in original.) Id., 616–17. Accordingly, the *Doe* court held that the public officer was entitled to discretionary act immunity, reasoning that "[b]ecause [the public officer] never became aware of the alleged assault, it could not have been apparent to him that his response to the plaintiff's concerns would have been likely to subject her to a risk of harm." Id., 620.

In the present case, the plaintiff alleged that as a result of the defendants' negligence, the decedent died from excessive heat and smoke inhalation. As a precondition to the harm, the decedent had to be located in the house at the time of the fire. The defendants would have had to possess an awareness of the decedent's presence in the house in order to appreciate the risk of harm. Accordingly, it would be impossible for the defendants to understand the risk of death without knowing that the decedent was in the house when the building was on fire.

The facts alleged in the plaintiff's complaint, however, do not indicate that the defendants were aware of the decedent's presence in the building at the time it was engulfed in flames. Instead, the complaint merely alleges that the decedent was a resident of the burning building and that the defendants arrived at the decedent's residence in response to 911 telephone calls. The complaint does not set forth facts indicating that the 911 telephone calls alerted the defendants to the fact that the decedent was in the burning building, nor does it indicate that upon arriving at the scene of the incident,

the defendants were informed of the decedent's presence or even that the burning house was occupied. Moreover, the plaintiff, in fact, acknowledged at oral argument before this court that the complaint did not allege specifically that the defendant firefighters knew that the decedent was in the house and that their actions would subject him to imminent harm.[9] Therefore, under the facts alleged, it would not have been apparent to the defendants that their discretionary acts subjected the decedent to harm.

After the defendants' motion to strike had been granted, the plaintiff did not file a new pleading pursuant to Practice Book § 10-44 by revising her complaint to allege facts that would bring the acts or omissions of the defendants within one of the three exceptions to discretionary act governmental immunity.

Construing the facts alleged in the complaint in the manner most favorable to sustaining its legal sufficiency, the plaintiff has failed to plead facts showing that it was apparent to the firefighters that their conduct would subject the decedent to imminent harm so as to satisfy the third exception to the doctrine of governmental immunity. Accordingly, the court properly granted the defendants' motion to strike the plaintiff's legally insufficient complaint, and it properly rendered judgment in the defendants' favor on the stricken complaint.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[9] At oral argument, the plaintiff argued that the trial court should have concluded that the identifiable person-imminent harm exception was applicable because the facts alleged *implied* that the defendants were aware of the decedent's presence in the house.