******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

J.D.C. ENTERPRISES, INC. *v.* SARJAC
PARTNERS, LLC
(AC 37497)

DiPentima, C. J., and Beach and Flynn, Js.

*Argued January 14—officially released April 12, 2016*

(Appeal from Superior Court, judicial district of
Hartford, Hon. Richard M. Rittenband, judge trial
referee [motion to strike]; Scholl, J. [judgment].)

*Gary J. Greene*, for the appellant (defendant-third party plaintiff).

*William S. Wilson II*, for the appellee (third party defendant town of West Hartford).

*Opinion*

FLYNN, J. The third party plaintiff, Sarjac Partners, LLC (Sarjac), appeals from the judgment of the trial court rendered after the granting of the motion to strike its six count third party second amended complaint filed by the defendant town of West Hartford (town). Sarjac argues that the court improperly granted the town's motion to strike. We disagree and affirm the judgment of the trial court.

The following procedural history and factual allegations from the operative third party complaint are relevant to this appeal. The underlying case began when Sarjac suffered flood damage to property it owns, known as 36 LaSalle Road in West Hartford (property), and engaged the plaintiff, J.D.C. Enterprises, Inc., for remediation work in connection with the flooding and resulting damage.

Prior to June 12, 2013, the property had experienced periodic flooding and sustained water damage requiring repair and remediation of the water and moisture damage. Sarjac engaged remediation companies to determine the source of the water problem, but none were able to identify definitively the source of the problem, so it replaced sump pumps on the property. On June 12, 2013, the property suffered major flooding causing significant damage. The following day, Sarjac put the town on notice that it would seek restitution from the town should it be determined that the floodwater originated from a defect in the town's pipes. J.D.C. Enterprises, Inc., was engaged to stop the flooding, prevent further flooding, and to determine its cause. During the investigation by J.D.C. Enterprises, Inc., a sinkhole formed on the front pavement.

A town engineering official visited the premises and advised both Sarjac and J.D.C. Enterprises, Inc., that the town had no storm lines running through that location, but if any such pipe existed, it was inactive. However, after investigation by J.D.C. Enterprises, Inc., and Sarjac, it was determined that a municipal storm line did exist, a two foot section of the pipe was missing, the line was active, and it was owned by and/or controlled by the town. J.D.C. Enterprises, Inc., was then engaged by Sarjac to remediate and repair the damage and to prepare a report, which subsequently concluded the damage to Sarjac's property was caused by a damaged active storm water line.

When its bill for services remained unpaid, J.D.C. Enterprises, Inc., the first party plaintiff, brought the first party action against Sarjac seeking the sum of $154,559.54 for its work plus additional fees and costs. Sarjac in turn commenced this third party action against the town seeking damages for negligence, common-law indemnity, and a declaratory judgment seeking a judicial determination as to what part of the bill from

J.D.C. Enterprises, Inc., should be borne respectively by it and the town. The third party complaint further alleged that pursuant to General Statutes § 7-148 (c) (6) (B) and (C),[1] the town has authority to lay out, construct, and maintain sewers and pursuant to the town of West Hartford ordinance § 12-40, its Department of Public Works "shall be responsible for the repairing, maintaining and cleaning of streets and sewers . . . ."[2]

On October 6, 2014, the town moved to strike the entire second amended third party complaint on the ground that the allegations were legally insufficient to state a claim on which relief could be granted because the town enjoys governmental immunity against common-law negligence claims unless such immunity has been abrogated by statute. The court ruled that the third party complaint sounded in negligence in all of its six counts, generally a municipality is immune from liability, and neither § 7-148 nor local ordinance § 12-40 abrogated municipal immunity. It further held that to repair or not to repair and to install or not to install are discretionary acts by the town and that it would not be apparent to the town that a failure to act would likely subject an identifiable person to imminent harm. This appeal followed.

On appeal, Sarjac claims that the court improperly granted the motion to strike because the court erred in concluding that West Hartford ordinance § 12-40 did not extend to subterranean storm water pipelines and that repair of such pipelines was a discretionary function. We disagree and conclude that neither the town of West Hartford ordinance § 12-40 nor § 7-148 abrogates the town's common-law immunity, and, therefore, the town's motion to strike was granted properly.

"[T]he interpretation of pleadings is always a question [of law] for the court . . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded . . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient . . . .

"The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner

most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) *Bailey* v. *West Hartford*, 100 Conn. App. 805, 809, 921 A.2d 611 (2007).

We agree with the court that all counts of the complaint sounded in common-law negligence. Our Supreme Court held in *Williams* v. *New Haven*, 243 Conn. 763, 707 A.2d 1251 (1998), that where the plaintiff had not relied on any statute granting an exception to the governmental immunity provided by the common law, the defendant municipality was not liable for negligence in the performance of a governmental function.

We first note, as did the *Williams* court, that, during the entire course of this litigation, including the allegations in the amended third party complaint, the motion to strike, and this appeal, Sarjac has relied solely on its common-law negligence claim on the part of the town. Sarjac has not advanced any statute as a basis for the liability of the town in this case. "Accordingly, on appeal, we consider this case as it was litigated in the trial court and briefed and argued in this court. . . . [I]t is the settled law of this state that a municipal corporation is not liable for negligence in the performance of a governmental function. . . . This court has previously stated that [a] municipality itself was generally immune from liability for its tortious acts at common law . . . . [Our Supreme Court has] also recognized, however, that governmental immunity may be abrogated by statute. *Wysocki* v. *Derby*, [140 Conn. 173, 175, 98 A.2d 659 (1953)] ([l]iability for the negligent performance of a purely public governmental duty may occur only when a statute so provides) . . . . Thus, the general rule developed in our case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity." (Citations omitted; internal quotation marks omitted.) *Williams* v. *New Haven*, supra, 243 Conn. 766–67.

We further note, as did the *Williams* court, that "[t]he legislature has acted to limit governmental immunity in certain circumstances. For example, in General Statutes § 13a-149,[3] the legislature has provided for municipal liability for property damage or personal injuries caused by defective roads and bridges. The legislature also has set forth general principles of municipal liability and immunity in General Statutes § 52-557n.[4] The [third party plaintiff has] not relied on either of these two statutes,[5] nor [has it] cited to any other statute as a means of abrogating the defendant's governmental immunity.[6]

"In addition, the legislature has provided for indemnification by municipalities of municipal officers, agents or employees who incur liability for certain of their

official conduct. See General Statutes [§ 7-465].'"[7] (Footnotes altered.) *Williams* v. *New Haven*, supra, 243 Conn. 767–68. However, Sarjac has not sought to avail itself of these statutory remedies by bringing an action against any individuals and subsequently claiming municipal indemnification. See id. Sarjac did not name any agent, employee, or officer of the municipality as a defendant, but instead Sarjac brought this action against only the town, and, therefore, cannot invoke indemnification pursuant to § 7-465.

We note that Practice Book § 10-44 provides that a party whose complaint is struck may plead over and amend its complaint within fifteen days. That would have permitted Sarjac to cite to any relevant statute abrogating immunity; however, it did not do so. Although Sarjac's amended third party complaint referenced § 7-148, that statute merely sets forth the power of a municipality to carry out certain activities under its municipal powers. Thus, we agree with the court that it says nothing about abrogating common-law immunity. The town of West Hartford ordinance § 12-40 does not abrogate immunity either. It merely designates what town department will carry out the maintenance of roads and sewer systems. Our Supreme Court pointed out in *Bonington* v. *Westport*, 297 Conn. 297, 308, 999 A.2d 700 (2010), that "[t]here is a difference between laws that impose general duties on officials and those that mandate a particular response to specific conditions."

We are bound by our Supreme Court's decision in *Williams* v. *New Haven*, supra, 243 Conn. 763. Sarjac failed to cite to any statute in its second amended third party complaint that abrogates the town's common-law immunity, and, therefore, we conclude that the court properly struck its third party complaint.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 7-148 (c) (6) (B) provides in relevant part that municipalities shall have the power with respect to sewers, drainage and public utilities to "(i) Lay out, construct, reconstruct, repair, maintain, operate, alter, extend and discontinue sewer and drainage systems and sewage disposal plants; (ii) Enter into or upon any land for the purpose of correcting the flow of surface water through watercourses which prevent, or may tend to prevent, the free discharge of municipal highway surface water through said courses; (iii) Regulate the laying, location and maintenance of . . . water pipes, drains, sewers . . . and other structures in the streets and public places of the municipality . . . ."

General Statutes § 7-148 (c) (6) (C) provides in relevant part that municipalities shall have the power with respect to highways and sidewalks to "(i) Lay out, construct, reconstruct, alter, maintain, repair, control, operate, and assign numbers to streets, alleys, highways, boulevards, bridges, underpasses, sidewalks, curbs, gutters, public walks and parkways; (ii) Keep open and safe for public use and travel and free from encroachment or obstruction the streets, sidewalks and public places in the municipality; (iii) Control the excavation of highways and streets; (iv) Regulate and prohibit the excavation, altering or opening of sidewalks, public places and grounds for public and private purposes and the location of any work or things thereon, whether temporary or permanent, upon or under the surface thereof . . . ."

[2] Sarjac served its initial third party complaint consisting of one count

sounding in common-law negligence against the town and in response the town filed an answer and special defenses, including the defense of governmental immunity. Sarjac filed a reply denying all of the town's special defenses, but did not plead any exception to the town's special defense of governmental immunity. Sarjac then filed an amended third party complaint which consisted of three counts, including claims of common-law negligence, indemnification, and a request for a declaratory judgment. The town filed a motion to strike all three counts on the ground that Sarjac failed to identify any statutory basis on which it relied to abrogate the town's governmental immunity to common-law negligence. Sarjac then filed a second amended third party complaint and objected to the motion to strike on the grounds that it filed another amended complaint. Sarjac's second amended complaint included the addition of references to General Statutes § 7-148 and the town of West Hartford ordinance § 12-40.

[3] General Statutes § 13a-149 provides in relevant part: "Damages for injuries by means of defective roads and bridges. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . ."

[4] General Statutes § 52-557n provides in relevant part: "Liability of political subdivision and its employees, officers and agents. Liability of members of local boards and commissions. (a) (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.

"(b) Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: (1) The condition of natural land or unimproved property; (2) the condition of a reservoir, dam, canal, conduit, drain or similar structure when used by a person in a manner which is not reasonably foreseeable; (3) the temporary condition of a road or bridge which results from weather, if the political subdivision has not received notice and has not had a reasonable opportunity to make the condition safe; (4) the condition of an unpaved road, trail or footpath, the purpose of which is to provide access to a recreational or scenic area, if the political subdivision has not received notice and has not had a reasonable opportunity to make the condition safe; (5) the initiation of a judicial or administrative proceeding, provided that such action is not determined to have been commenced or prosecuted without probable cause or with a malicious intent to vex or trouble, as provided in section 52-568; (6) the act or omission of someone other than an employee, officer or agent of the political subdivision; (7) the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for health or safety; (8) failure to make an inspection or making an inadequate or negligent inspection of any property, other than property owned or leased by or leased to such political subdivision, to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such

a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances; (9) failure to detect or prevent pollution of the environment, including groundwater, watercourses and wells, by individuals or entities other than the political subdivision; or (10) conditions on land sold or transferred to the political subdivision by the state when such conditions existed at the time the land was sold or transferred to the political subdivision. . . .”

[5] Sarjac did not cite to § 52-557n in its third party complaint. We acknowledge that “[a]lthough a plaintiff should plead a statute [on which the plaintiff intends to rely] in a complaint . . . failing to do so will not necessarily bar recovery as long as the [defendant is] sufficiently apprised of the applicable statute during the course of the proceedings.” (Emphasis omitted; internal quotation marks omitted.) *Feliciano* v. *Autozone, Inc.*, 316 Conn. 65, 84, 111 A.3d 453 (2015). However, Sarjac never raised § 52-557n at any stage in the trial court, but rather counsel for Sarjac attempted to do so for the first time during oral argument before this court. On that record, we cannot conclude that the town was sufficiently apprised that § 52-557n was at issue during the course of the proceedings. Compare *Spears* v. *Garcia*, 66 Conn. App. 669, 676, 785 A.2d 1181 (2001) (“[T]he plaintiffs in the present case relied on the statute in their memorandum of law in opposition to the motion for summary judgment and in oral argument before the trial court. That sufficiently apprised the defendants that the plaintiffs were relying on § 52-557n to abrogate governmental immunity.”), aff’d, 263 Conn. 22, 818 A.2d 37 (2003).

[6] Counsel for Sarjac conceded during oral argument before this court that the claim was reliant on the existence of § 7-148 and the town of West Hartford ordinance § 12-40.

[7] General Statutes § 7-465 provides in relevant part: “Assumption of liability for damage caused by employee of municipality or member of local emergency planning district. Joint liability of municipalities in district department of health or regional council of governments. (a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person’s civil rights or for physical damages to person or property, except as set forth in this section, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . .”