## JANE DOE *v.* BOARD OF EDUCATION OF THE CITY OF NEW HAVEN
### (AC 22689)

Foti, Schaller and Mihalakos, Js.

Argued December 4, 2002—officially released April 15, 2003

*Norman A. Pattis*, for the appellant (plaintiff).

*Audrey C. Kramer*, assistant corporation counsel, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Jane Doe,[1] appeals from the judgment of the trial court rendered subsequent to

[1] Jane Doe is a pseudonym given to the minor plaintiff to protect her privacy.

its granting of the motion to strike filed by the defendant, the board of education of the city of New Haven. On appeal, the plaintiff claims that the court improperly granted the motion to strike, which alleged that the action is barred by the doctrine of governmental immunity. We affirm the judgment of the trial court.

The plaintiff filed a two count substitute complaint on May 11, 2001. In count one of the substitute complaint,[2] the plaintiff alleges the following facts. On April 15, 1998, the plaintiff was a twelve year old student at a school operated by the defendant. On that day, the plaintiff traveled to her home room to get her lunch money. While in the room, she was accosted and sexually assaulted by three male students. None of the students involved, including the plaintiff, had a pass to be present in the halls or in that room. The plaintiff managed to fight her way free of her attackers. School officials later found the plaintiff wandering the hallways without her shoes on.[3]

The plaintiff alleges that the defendant failed to provide a safe and secure educational environment for students. Specifically, the plaintiff alleges that the defendant did not provide an adequate number of hall monitors, did not implement a system for ensuring that students were not roaming the halls unsupervised and did not take steps to provide for adequate supervision of students known to have disciplinary problems or to secure vacant rooms so that they could not be used for unlawful purposes. She also asserts that General Statutes § 52-557n (a)[4] establishes a statutory basis for her claim.

---

[2] On appeal, the plaintiff does not challenge the judgment on the second count of the substitute complaint.

[3] The plaintiff also alleges that "[u]pon information and belief," one of her attackers had previously touched other students inappropriately. The plaintiff does not allege, however, that the defendant or its agents had been put on notice that any such conduct had occurred.

[4] General Statutes § 52-557n (a) provides in relevant part: "(1) Except as otherwise provided by law, a political subdivision of the state shall be liable

The defendant filed a motion to strike the substitute complaint in its entirety. Specifically, the defendant sought to strike the first count of the substitute complaint on the ground that the plaintiff had alleged discretionary acts that are subject to governmental immunity. The court concluded that the facts alleged in the complaint established that the defendant was entitled to governmental immunity and, accordingly, granted the motion to strike.[5] The defendant subsequently filed a motion for judgment on the stricken complaint, which the court granted on November 5, 2001. The plaintiff now appeals from that judgment as to the first count.

On appeal, the plaintiff claims that the court improperly granted the motion to strike as to count one of the substitute complaint. Specifically, the plaintiff argues that governmental immunity is inapplicable because the facts alleged in the complaint are sufficient to establish that it was apparent to the defendant that its failure to act would be likely to subject students to imminent harm. We are not persuaded.

for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . . (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

[5] The plaintiff did not file a memorandum of law in opposition to the defendant's motion to strike the substitute complaint. As the court noted in its memorandum of decision, Practice Book § 155, now § 10-42, previously provided that a party who failed to file such a memorandum "shall be deemed by the court to have consented to the granting of the motion." (Internal quotation marks omitted.) *Hughes* v. *Bemer*, 200 Conn. 400, 402, 510 A.2d 992 (1986), quoting Practice Book § 155, now § 10-42. That language was subsequently removed from Practice Book § 10-42. Because we affirm the judgment on the merits of the motion to strike and because the plaintiff's failure to file a memorandum of law has not been raised as an alternative ground for affirmance, we have no occasion to consider whether such failure remains a sufficient basis for granting a motion to strike.

We begin our analysis by setting forth the applicable standard of review. "A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied."[6] (Internal quotation marks omitted.) *Macomber* v. *Travelers Property & Casualty Corp.*, 261 Conn. 620, 629, 804 A.2d 180 (2002). "It is fundamental that in determining the sufficiency of a

---

[6] We are mindful of our Supreme Court's statement that "governmental immunity must be raised as a special defense in the defendant's pleadings. . . . Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded [under Practice Book § 10-50]." (Citation omitted; internal quotation marks omitted.) *Westport Taxi Service, Inc.* v. *Westport Transit District*, 235 Conn. 1, 24, 664 A.2d 719 (1995). Thus, a motion to strike ordinarily is an improper method for raising a claim of governmental immunity. We have recognized, however, that where it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant is not required to plead governmental immunity as a special defense and may attack the legal sufficiency of the complaint through a motion to strike. *Brown* v. *Branford*, 12 Conn. App. 106, 111 n.3, 529 A.2d 743 (1987); *Trzaska* v. *Hartford*, 12 Conn. Sup. 301, 302 (1943).

In the present case, the plaintiff does not challenge the court's conclusion that the duty to supervise schoolchildren is a discretionary governmental function. The plaintiff claims only that there is an applicable exception to governmental immunity. We recognize that a plaintiff ordinarily should have the opportunity to plead facts, by way of a reply to the answer, establishing matters in avoidance of a special defense. See Practice Book § 10-57. In the present case, the plaintiff has not objected to the defendant's use of a motion to strike for adjudication of the applicability of the exception to governmental immunity. The plaintiff also has not argued that she needs an opportunity to plead additional facts. On the contrary, she maintains that the facts set forth in the complaint are sufficient to establish the applicability of the identifiable person-imminent harm exception. Under those circumstances, we permit deviation from the ordinary procedure. See *Forbes* v. *Ballaro*, 31 Conn. App. 235, 239–40, 624 A.2d 389 (1993).

complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) *Gazo* v. *Stamford*, 255 Conn. 245, 260, 765 A.2d 505 (2001).

"While [a] municipality itself was generally immune from liability for its tortious acts at common law . . . its employees faced the same personal tort liability as private individuals. . . . [A] municipal employee [however,] has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . .

"The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted; internal quotation marks omitted.) *Colon* v. *Board of Education*, 60 Conn. App. 178, 180–81, 758 A.2d 900, cert. denied, 255 Conn. 908, 763 A.2d 1034 (2000).

The plaintiff does not dispute that the duty allegedly breached in the present case, namely, the duty of the defendant to supervise students, is a discretionary, governmental duty. She claims, however, that this case falls under the first enumerated exception to governmental immunity because the facts alleged in the complaint are sufficient to establish that it was apparent to the defendant that its failure to supervise students ade-

quately would be likely to subject them to imminent harm. Resolution of that claim requires us to review the contours of the exception as defined by the applicable case law.

Our Supreme Court has construed the identifiable person-imminent harm exception "to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims. . . . Moreover, [the court has] established specifically that schoolchildren who are statutorily compelled to attend school, during school hours on school days, can be an identifiable class of victims." (Citation omitted; internal quotation marks omitted.) *Purzycki* v. *Fairfield*, 244 Conn. 101, 108–109, 708 A.2d 937 (1998). We therefore must determine whether the facts alleged are sufficient to establish that it was apparent to the defendant that its failure to provide adequate supervision would be likely to subject schoolchildren to imminent harm. See id., 109; *Colon* v. *Board of Education*, supra, 60 Conn. App. 185.

The identifiable person-imminent harm exception to governmental immunity was recognized in *Sestito* v. *Groton*, 178 Conn. 520, 423 A.2d 165 (1979). In *Sestito*, the defendant police officer was on duty when he saw a group of men, including the plaintiff's decedent, arguing, scuffling and throwing punches in a parking lot adjacent to a bar. Id., 523. After hearing gunshots, he attempted to call the police station for instructions, but did not intervene in the altercation, although he could have driven unimpeded into the parking lot. Id. Instead, he waited until the plaintiff's decedent was shot, at which time he drove into the parking lot and arrested the assailant. Id. The trial court directed a verdict in favor of the defendant on the basis of governmental immunity. Id., 522. On appeal, the Supreme Court reversed the judgment. Id., 529. Explaining its holding in *Sestito* in a subsequent case, the court stated:

"Resolving conflicting testimony on the issue of immi-
nence of harm in favor of the plaintiff, we held that the
case should then have been submitted to the jury."
*Shore* v. *Stonington*, 187 Conn. 147, 153, 444 A.2d
1379 (1982).

Nevertheless, "[t]he [identifiable person-imminent
harm] exception to the general rule of governmental
immunity for employees engaged in discretionary activi-
ties has received very limited recognition in this state."
(Internal quotation marks omitted.) *Tryon* v. *North
Branford*, 58 Conn. App. 702, 710, 755 A.2d 317 (2000).
Our Supreme Court emphasized the limited nature of
the concept of imminent harm in *Shore* v. *Stonington*,
supra, 187 Conn. 147, and in *Evon* v. *Andrews*, 211 Conn.
501, 559 A.2d 1131 (1989). In *Shore*, the undisputed facts
revealed that a police officer stopped an intoxicated
driver for speeding and crossing the center line of the
highway. *Shore* v. *Stonington*, supra, 150–51. The offi-
cer gave the driver a warning and allowed him to pro-
ceed on his way. Id., 150. Later that night, the driver
struck and killed another motorist. Id., 151. The
Supreme Court affirmed the summary judgment in favor
of the defendant municipality because, as a matter of
law, the officer had no reason to know that his failure
to arrest the driver would subject an identifiable person
to imminent harm. Id., 156–57. As the court stated: "The
adoption of a rule of liability where some kind of harm
may happen to someone would cramp the exercise of
official discretion beyond the limits desirable in our
society." Id., 157.

In *Evon* v. *Andrews*, supra, 211 Conn. 502, the plain-
tiffs' decedents were killed by a fire in the apartment
building in which they resided. The plaintiffs brought
an action against the municipality and its agents for
failing to enforce various statutes, regulations and
codes governing the maintenance of rental dwellings.
Id. The trial court granted the defendants' motion to

strike the complaint and rendered judgment in favor of the defendants. Id., 502–504. Affirming the judgment, the Supreme Court addressed the applicability of the identifiable person-imminent harm exception, stating: "The gravamen of the plaintiffs' allegations is that the defendants had not done enough to prevent the occurrence of a fire. The risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. . . . [T]he plaintiffs' decedents were not subject to 'imminent harm.' This is clearly not the situation in which a police officer stood by and watched a public brawl that resulted in a person being shot. See *Sestito* v. *Groton,* supra [178 Conn. 523]. The present allegations do not even rise to the level of the imminence we rejected in *Shore* v. *Stonington,* supra [187 Conn. 147], in which a police officer permitted a drunk driver to continue on his way, resulting in the death of the plaintiff's decedent. In the present instance, the fire could have occurred at any future time or not at all. We cannot accept the proposition that the plaintiffs' decedents in this case were readily identifiable victims subject to imminent harm." *Evon* v. *Andrews,* supra, 507–508.

More recently, our courts have applied the identifiable person-imminent harm exception in a series of cases involving injuries to schoolchildren. See *Purzycki* v. *Fairfield,* supra, 244 Conn. 101; *Burns* v. *Board of Education,* 228 Conn. 640, 638 A.2d 1 (1994); *Colon* v. *Board of Education,* supra, 60 Conn. App. 178. In each of those cases, the identifiable person-imminent harm exception was applicable because the dangerous condition was sufficiently limited both in duration and in geography to make it apparent to the defendants that schoolchildren were subject to imminent harm. In *Burns,* the plaintiff schoolchild slipped and fell on an icy courtyard in a main accessway of the school campus. *Burns* v. *Board of Education,* supra, 642. The court

stated: "Unlike the incident in *Evon* v. *Andrews*, supra, 211 Conn. 501, this accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly 'treacherous' area of the campus." *Burns* v. *Board of Education*, supra, 650.

In *Purzycki*, the plaintiff schoolchild was injured when another student tripped him in an unmonitored school hallway. *Purzycki* v. *Fairfield*, supra, 244 Conn. 104. The court determined that the case was "more analogous to *Burns* than . . . to *Evon*. . . . [T]he present case involves a limited time period and limited geographical area, namely, the one-half hour interval when second grade students were dismissed from the lunchroom to traverse an unsupervised hallway on their way to recess. Also, it involves a temporary condition, in that the principal testified that every other aspect of the lunch period involved supervision." (Citation omitted.) Id., 109–10. Accordingly, the *Purzycki* court held that the facts were sufficient to bring the case within the identifiable person-imminent harm exception to governmental immunity. Id., 110.

In the present case, by contrast, the plaintiffs have not alleged facts showing that the danger to students was limited in duration and geography. As previously stated, the plaintiff alleges that the defendant was negligent in failing to provide an adequate number of hall monitors, in failing to implement a system for ensuring that students were not roaming the halls unsupervised, and in neglecting to provide for adequate supervision of students known to have disciplinary problems or to secure vacant rooms so that they could not be used for unlawful purposes. She alleges that the defendant's failure to act created a situation in which she was able to be in an unsupervised vacant classroom with other students, thus creating the opportunity for her to be assaulted. Unlike the factual situations in *Burns* and

*Purzycki*, the alleged danger in the present case was not limited to a particular area of the school and a particular time period.[7] Although the danger in *Burns* was confined to the duration of an icy condition in a particularly treacherous location on campus, and the danger in *Purzycki* was confined to a particular hallway in which the defendants knew that students were permitted to travel unmonitored for a one-half hour period each day, the harm in the present case potentially could have occurred any time that students traveled without permission to any unsupervised areas of the school. Under the facts alleged, therefore, it would not have been apparent to the defendant that its discretionary policy decisions subjected students to imminent harm.[8]

Because the facts alleged by the plaintiff are insufficient to establish that it was apparent to the defendant

[7] At oral argument, the plaintiff suggested that the alleged danger was limited in duration because it existed only during school hours. We reject that argument because it is inconsistent with the opinions in *Burns* and *Purzycki*. As previously stated, the court in *Burns* relied on the fact that the danger was limited to the duration of the icy condition, and the court in *Purzycki* relied on the fact that the danger was limited to a single half-hour period each day. Reliance on those facts would have been unnecessary if, as the plaintiff argues, the confinement of the dangerous condition to school hours were a sufficient durational limitation to bring the cases within the identifiable person-imminent harm exception.

[8] The plaintiff also argues that the court should have denied the motion to strike because the defendant is "liable for the tortious or criminal acts of others under General Statutes § 52-557n." We do not consider that argument because it relies on a theory of vicarious liability not pleaded in the operative complaint. In that respect, the present case is distinguishable from *Colon* v. *Board of Education*, supra, 60 Conn. App. 178, in which the defendant board of education was sued under a theory of vicarious liability for injuries suffered when a teacher struck the plaintiff schoolchild in the face with a door. Id., 179, 188 n.4. We concluded that the identifiable person-imminent harm exception applied and that the court therefore improperly rendered summary judgment for the defendant on the ground of governmental immunity. In reaching that conclusion, we emphasized that the circumstances would have made it apparent to the teacher that her failure to exercise due care would subject students to imminent harm because injury "could happen only when students are in the hallway in a dangerous spot." Id., 187.

that its failure to act would be likely to subject students to imminent harm, the defendant is immune from liability for its discretionary acts. Consequently, the court properly granted the defendant's motion to strike.

The judgment is affirmed.

In this opinion the other judges concurred.