WILLIAM D. MCCART ET AL. *v.* CITY OF
SHELTON ET AL.
(AC 23694)

Schaller, McLachlan and Berdon, Js.

Argued October 22, 2003—officially released January 13, 2004

*Michael Stanton Hillis*, for the appellants (plaintiffs).

*Ramon S. Sous*, assistant corporation counsel, for the appellees (defendants).

### Opinion

SCHALLER, J. The plaintiffs, William D. McCart and seventy-two other individuals, appeal from the judgment of the trial court rendered after the court granted the motion to strike for improper joinder filed by the defendants, the city of Shelton, its department of public works and its water pollution control authority. The plaintiffs claim that the court improperly granted the defendants' motion to strike. We affirm the judgment of the trial court.

The relevant facts are as follows. The plaintiffs are seventy-three property owners residing in the city of Shelton. No plaintiff holds an interest in all of the properties. On March 1, 2002, the defendants levied a benefit assessment against the plaintiffs for the installation of sewers. The assessments ranged from approximately $7000 to $10,000.

The plaintiffs' complaint claimed that the "sewer assessments exceed the value of the respective special benefits accruing to the respective properties of the plaintiffs by virtue of [the] sewer construction." The complaint also stated that the defendants used the wrong method of valuation and that the plaintiffs were jointly aggrieved because of the improper method of assessment. The plaintiffs asked the court either to reduce or, in the alternative, to void the assessments.

Relying on Practice Book § 10-39 (4), the defendants filed a motion to strike the plaintiffs' complaint for improper joinder. The defendants' primary argument was that the plaintiffs failed to allege a common question of law or fact, which Practice Book § 9-4 requires for proper joinder. The court granted the defendants' motion. The plaintiffs filed a motion to reargue, which was denied, and the court rendered judgment for the defendants. This appeal followed.

"We begin our analysis by setting forth the applicable standard of review. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citation omitted; internal quotation marks omitted.) *Doe* v. *Board of Education*, 76 Conn. App. 296, 299–300, 819 A.2d 289 (2003).

"All persons may be joined in one action as plaintiffs in whom any right of relief in respect to or arising out of the same transaction or series of transactions is

alleged to exist either jointly or severally when, if such persons brought separate actions, any common question of law or fact would arise . . . ." Practice Book § 9-4. "Whenever any party wishes to contest . . . (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39 (a). "The exclusive remedy for misjoinder of parties is by motion to strike." *Zanoni* v. *Hudon*, 42 Conn. App. 70, 73, 678 A.2d 12 (1996).

Both parties rely principally on *Bertelson* v. *Norwich*, Superior Court, judicial district of New London at Norwich, Docket No. 119199 (October 30, 2001), in which the court denied the defendant's motion to strike. In that case, the plaintiffs pleaded that the defendant's method of allocating sewer assessments, a "cost-sharing" method, was improper because it intended "to recoup the cost of the project from the properties involved, rather than assessing the properties involved for the actual benefit provided them by the sewer project." Id.

The plaintiffs argue that a common question of fact exists because all of the individual plaintiffs were aggrieved by the same action, the assessment, and by the same defendants, the city of Shelton and its municipal entities. The plaintiffs miss the essential point, however. Although it is unchallenged that the defendants were responsible for the assessment and that the assessment did take place, the gravamen of the plaintiffs' complaint is that the assessment was too high.[1] Thus,

---

[1] The plaintiffs have presented contradictory positions. In their pleadings, they alleged that the defendants "used the wrong method to determine the value of the benefit to the properties [and that] [t]he plaintiffs are jointly aggrieved because of the use of an improper method of assessment." At oral argument, however, they specifically disclaimed that they were attacking the method used to calculate the assessments. Further, the plaintiffs' counsel conceded, as he must, that to prove his case, he would have to present

the real question is whether, in the case of each individual plaintiff, the method of assessment was correctly applied under the particular facts to reach a proper result.

The individual differences between the plaintiffs, i.e., the differences in their properties, go to the very heart of the issue—whether the defendants reached the correct result with the method of assessment. Cf. *Bertelson* v. *Norwich*, supra, Superior Court, Docket No. 119199 (fact in dispute for each party, whether appropriate formula applied to reach valuation, was common to each plaintiff). To answer that question, each of the plaintiffs must provide individual evidence. The plaintiffs' common facts are tangential, and the crucial facts differ for each plaintiff. There is no common question of fact or law. Therefore, the court properly granted the defendants' motion to strike the plaintiffs' complaint for improper joinder.

The judgment is affirmed.

In this opinion the other judges concurred.

---

evidence, property by property, with the facts being different for each. The representations at oral argument, as well as the relief requested by the plaintiffs, a reduction in the assessments, dictate that the plaintiffs actually were challenging the *results* of the method of calculating assessments, i.e., the amounts of the assessments.

