ROBERT ARNOLD ET AL. *v.* THERMOSPAS, INC., ET AL.

Superior Court, Judicial District of New Britain
File No. CV-04-0527180S

Memorandum filed November 2, 2004

*Brown, Paindiris & Scott,* for the plaintiffs.

*Farrell, Leslie & Grochowski,* for the defendants.

MURRAY, J. Robert Arnold, Daniel Tuttle and Darryl Zolnick, the plaintiffs, filed an eight count amended complaint on June 21, 2004. In the first two counts, Arnold alleges the intentional infliction of emotional distress against the named corporate defendant, Thermospas, Inc. (Thermospas), and defendant Andrew Tournas, an employee-owner of Thermospas. In counts three and four, Tuttle alleges intentional infliction of emotional distress against both defendants. In the fifth and sixth counts, Zolnick also alleges the intentional infliction of emotional distress against each defendant. All three plaintiffs, in count seven, allege promissory estoppel and, in count eight, they allege negligent misrepresentation by both Thermospas and Tournas.

Arnold, Tuttle and Zolnick complain that in the course of their employment, Tournas would, among other things, abuse them by yelling at them, physically threatening them and denigrating them in front of subordinates. The plaintiffs further complain that Tournas "regularly leaned over Arnold in a threatening manner and prevented Arnold from getting up from his chair," and that he "regularly stood inches from Arnold's face and yelled at him." The complaint also alleges that "Tournas rushed into Tuttle's office, trapped Tuttle in his chair by standing over him, and screamed at him in a high state of agitation."

On August 11, 2003, Thermospas and Tournas filed a motion to strike with a memorandum of law. Thereafter, Arnold, Tuttle and Zolnick filed a memorandum of law in opposition. The court heard oral argument on September 8, 2004.

"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) *Fort Trumbull Con-*

*servancy, LLC* v. *Alves*, 262 Conn. 480, 498, 815 A.2d 1188 (2003). "The exclusive remedy for misjoinder of parties is by motion to strike." (Internal quotation marks omitted.) *Hilton* v. *New Haven*, 233 Conn. 701, 723 n.23, 661 A.2d 973 (1995); see also Practice Book § 11-3.

Both defendants move to strike the entire complaint on the ground that the plaintiffs are improperly joined in the action because the allegations do not arise from the same transaction or series of transactions. They argue that the plaintiffs combined their claims against the defendants to benefit from such a cumulative effect. In their memorandum, the plaintiffs argue that even though the acts occurred at different times, the plaintiffs are properly joined because the conduct is similar.

Practice Book § 9-4 provides in pertinent part: "All persons may be joined in one action as plaintiffs in whom any right of relief in respect to or arising out of the same transaction or series of transactions is alleged to exist either jointly or severally when, if such persons brought separate actions, any common question of law or fact would arise . . . ." Recently, our Appellate Court had the occasion to decide the issue of joinder of parties. *McCart* v. *Shelton*, 81 Conn. App. 58, 62, 837 A.2d 872 (2004). In *McCart*, the court held that the plaintiffs were not properly joined because each plaintiff would have to present individual evidence to address the issues presented in the case. The court reasoned that "[t]he plaintiffs' common facts are tangential, and the crucial facts differ for each plaintiff. There is no common question of fact or law." Id. In the present case, however, there are common questions of law. For example, one predominant issue here is whether Tournas' conduct was extreme and outrageous. This issue is, preliminarily, a question for the court. *Appleton* v. *Board of Education*, 254 Conn. 205,

210, 757 A.2d 1059 (2000). The plaintiffs have alleged that Tournas has taken similar actions toward all of them. The plaintiffs will have to prove that the defendants engaged in a pattern of behavior that amounted to retaliation against the plaintiffs for complaints made about Tournas. When deciding a motion to strike on the ground of misjoinder of parties, the court may properly consider the economical uses of judicial resources. See *Balog* v. *Shelton Restaurant*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-04-0084313S (August 2, 2004) (*Lager, J.*). Mindful of this decisional authority, this court is of the opinion that joinder is appropriate here.

The defendants move to strike counts one through six, which allege intentional infliction of emotional distress, on the ground that these counts fail to state a claim on which relief can be granted because the plaintiffs have not alleged conduct that is extreme and outrageous. In response, the plaintiffs argue that the complaint alleges conduct that is extreme and outrageous and that this is legally sufficient.

"In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury." (Citations omitted; internal quotation marks

omitted.) *Appleton* v. *Board of Education*, supra, 254 Conn. 210.

"Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society . . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!" (Citations omitted; internal quotation marks omitted.) Id., 210–11.

In the present case, Zolnick has not alleged any facts to show that the defendants' conduct toward him was extreme and outrageous. The only conduct alleged to have occurred concerning him is that "Tournas would regularly abuse the plaintiffs and other employees by yelling at them, physically threatening them, and denigrating them in front of subordinates," and that "Tournas regularly contradicted the other owners about the plaintiffs' reporting relationships, creating confusion and distress in the plaintiffs and other employees." Although the court views these allegations in the light most favorable to Zolnick, they are not legally sufficient and, therefore, the defendants' motion to strike counts five and six is granted. See *Faulkner* v. *United Technologies Corp.*, 240 Conn. 576, 580, 693 A.2d 293 (1997).

Arnold and Tuttle plead the same general allegations of abuse and physical threats that Zolnick alleged; however, they alleged specific instances when Tournas physically restrained them and attempted to intimidate them physically. Arnold alleges that Tournas leaned over him in a threatening manner and prevented him

from getting up from his chair. Tuttle alleges that Tournas trapped him in his chair by standing over him. "A review of the cases addressing the definition and parameters of extreme and outrageous conduct in intentional infliction of emotional distress cases reveals that courts do not typically strike claims or grant judgments where physical contact has occurred." *Cole* v. *Moorehouse*, Superior Court, judicial district of New Haven, Docket No. CV-99-0427337S (September 18, 2002) (*Robinson-Thomas, J.*). Although the plaintiffs in the present case have not alleged physical contact, Arnold and Tuttle have alleged that Tournas physically restrained them by leaning over their chairs and preventing them from standing. The court concludes that the alleged physical restraint is tantamount to physical contact. The defendants' motion to strike counts one through four, therefore, is denied.

Thermospas and Tournas move to strike all the claims against Tournas personally on the ground that he is not personally liable because his conduct occurred in the context of an employment relationship. The only case cited by the defendants that is binding on this court is *Perodeau* v. *Hartford*, 259 Conn. 729, 792 A.2d 752 (2002). The defendants' reliance on *Perodeau* is misplaced. *Perodeau* does not hold that an employee cannot be held personally liable for his conduct while acting in the course of his employment relationship. Rather, *Perodeau* holds that an employee *does not owe a duty* to his subordinate during the course of the employment relationship and, therefore, "may not be found liable for negligent infliction of emotional distress arising out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment." Id., 762–63; but see *Benton* v. *Simpson*, 78 Conn. App. 746, 757, 829 A.2d 68 (2003). The defendants' motion to strike all the claims against Tournas personally is denied.

The defendants' motion to strike counts five and six is granted and the remainder of the motion is denied.