# EILEEN GLORIOSO, EXECUTRIX (ESTATE OF DAVID GLORIOSO) *v.* POLICE DEPARTMENT OF THE TOWN OF BURLINGTON ET AL.

Superior Court, Complex Litigation Docket at Waterbury
File No. X01-CV-02-0168481S

Memorandum filed November 15, 2004

*Sinoway & McEnery & Messey*, for the plaintiff.

No appearance for the named defendant et al.

*Cella, Flanagan & Weber*, for the defendant fire department of the town of Burlington.

*Howd & Ludorf* and *Eisenberg, Anderson, Michalik & Lynch*, for the defendant town of Burlington.

*Howd & Ludorf*, for the defendant police department of the town of Farmington et al.

*Gordon, Muir & Foley,* for the defendant Bristol Hospital EMS, LLC.

*Halloran & Sage,* for the defendant Campion Ambulance.

SHEEDY, J. The present action arises from the death of David Glorioso, son of executrix Eileen Glorioso, the plaintiff, on or about November 23, 2000,[1] when he suddenly became ill at the home of a third party in Burlington and required emergency medical services. The plaintiff alleges that Farmington police department dispatchers received a 911 telephone call and "attempted to" notify the Burlington fire department and Bristol Hospital EMS, LLC. The plaintiff further alleges that following subsequent 911 calls, an off-duty state police officer arrived, followed by Bristol Hospital EMS, LLC, first, and then by Burlington Fire Department EMS. Bristol Hospital EMS, LLC, transported the decedent to Bristol Hospital where he died on November 28, 2000. The thrust of the plaintiff's claims against all the defendants is their alleged failure to respond timely to the 911 calls and to provide effective medical care. The plaintiff further claims that such failures resulted in her son's death.

The defendants, the town of Burlington, the town of Farmington, the Farmington police department and the city of Bristol, have moved for summary judgment as to counts one, three, four, six, eight, ten, eleven and thirteen of the plaintiff's amended complaint of June 10, 2004.[2] The defendants assert: (1) the claims against

[1] The plaintiff mistakenly states that the emergency arose on November 23, 2003.

[2] The action is no longer pending against the city of Bristol and, thus, counts six and thirteen are not addressed here.

The court also notes that under the revised complaint of September 8, 2004, only these defendants remain, and the claims against them are stated in the amended complaint of June 10, 2004. Thus, this ruling applies of necessity to both complaints.

the municipal defendants are barred by governmental immunity; (2) the Farmington police department is not an entity amenable to suit; and (3) the town of Farmington and the Farmington police department are immune under General Statutes § 7-311. The plaintiff has objected to each claim. The parties have waived oral argument and consented to adjudication on the papers.

I

APPLICABLE LAW

Summary judgment shall be rendered "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 450, 820 A.2d 258 (2003). The moving party has the burden of showing the absence of any genuine issue of material fact and, therefore, its entitlement to judgment as a matter of law. *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980). The nonmoving party "must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Appleton* v. *Board of Education*, 254 Conn. 205, 209, 757 A.2d 1059 (2000). It "must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) *Pion* v. *Southern New England Telephone Co.*, 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). "A material fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks

omitted.) *H.O.R.S.E. of Connecticut, Inc.* v. *Washington*, 258 Conn. 553, 560, 783 A.2d 993 (2001). The question of governmental immunity is a question of law and may be decided on a motion for summary judgment. *Gordon* v. *Bridgeport Housing Authority*, 208 Conn. 161, 170, 544 A.2d 1185 (1988).

## II

## GOVERNMENTAL IMMUNITY

Count one alleges that the town of Burlington was negligent in the manner in which the fire department[3] responded to the 911 call, the lack of timeliness of that response, and in having too few firefighters and emergency medical personnel available to respond. It further alleges that the town negligently failed to comply with various state statutes and regulations, all of which relate to the administration of emergency medical services. Count eight asserts virtually the identical allegations of negligence asserted in count one. It pleads a cause of action for loss of chance by asserting that the town's negligence was a substantial factor in failing to provide the decedent the care and treatment that "would have saved his life or was more likely than not to save his life."

Count three alleges that the Farmington police department was negligent in the manner in which it dispatched emergency medical personnel in response to the 911 call together with its staffing and training of dispatchers and in that it failed to comply with various state statutes and regulations relevant to the training and operation of emergency telecommunication systems. Count ten alleges that the negligence asserted in count three resulted in the decedent's loss of chance.

Count four is directed to the town of Farmington. It asserts all of the specifications of negligence alleged

---

[3] Though a party, the town of Burlington fire department is not represented by counsel appearing for the town of Burlington and, thus, the motion before the court does not include the fire department.

against the Farmington police department in count three but also asserts negligence in the town's failure to dispatch appropriate emergency medical services, to relate personal medical information to the emergency medical services and to obtain appropriate medical and emergency information. Count eleven incorporates the negligence allegations of count four in stating a loss of chance claim (as in counts eight and ten).

"At common law, a municipality was generally immune from liability for its tortious acts." (Internal quotation marks omitted.) *Conway* v. *Wilton*, 238 Conn. 653, 672, 680 A.2d 242 (1996). General Statutes § 52-557n both codified and modified the common law of municipal and municipal employee liability and immunity as part of the original Connecticut Tort Reform Act. General Statutes § 52-557n (a) provides in relevant part that "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (2) . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." See also *Elliott* v. *Waterbury*, 245 Conn. 385, 411, 715 A.2d 27 (1998). The traditionally employed distinction is as between "governmental" acts, which "are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature," and "ministerial" acts, which "are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) *Gordon* v. *Bridgeport Housing Authority*, supra, 208 Conn. 167–68; *Hannon* v. *Waterbury*, 106 Conn. 13, 17, 136 A. 876 (1927); *Kolaniak* v. *Board of Education*, 28 Conn. App. 277, 280, 610 A.2d 193 (1992).

The defendants posit that the negligent acts attributed to them are discretionary and not ministerial. The plaintiff does not dispute that assertion. Negligence in

failing properly to enforce applicable statutes, regulations or codes, to make reasonable and proper inspections of a multifamily rental unit for fire safety hazards, and to prescribe remedial action to be taken by owners, were "acts [that] required in some measure the exercise of judgment by a municipal employee" and "were not ministerial . . . ." *Evon* v. *Andrews*, 211 Conn. 501, 507, 559 A.2d 1131 (1989). Although it is so that statutes, regulations and policies *can* create ministerial duties,[4] when they relate to fire, police or other public safety services, they are most often held to create discretionary duties. See, e.g., id., 505; *Gordon* v. *Bridgeport Housing Authority*, supra, 208 Conn. 169–70; *Shore* v. *Stonington*, 187 Conn. 147, 153, 444 A.2d 1379 (1982); *Sestito* v. *Groton*, 178 Conn. 520, 527, 423 A.2d 165 (1979); *Stiebitz* v. *Mahoney*, 144 Conn. 443, 446, 134 A.2d 71 (1957); *Alexander* v. *Vernon*, Superior Court, judicial district of Tolland, Complex Litigation Docket, Docket No. X07-CV-02-0078935S (May 3, 2004) (*Sferrazza, J.*). The provision of emergency medical services to members of the public is a discretionary act. *Brock-Hall Dairy Co.* v. *New Haven*, 122 Conn. 321, 324, 189 A.2d 182 (1937); *Bowles* v. *Winchester*, Superior Court, judicial district of New Britain, Complex Litigation Docket, Docket No. X03-CV-00-0504116S (June 19, 2001) (*Aurigemma, J.*). Thus, governmental immunity attaches absent an applicable exception to the qualified immunity of municipal agents engaged in discretionary acts.

The exception claimed by the plaintiff, the imminent harm-identifiable person exception, imposes liability for negligent, discretionary conduct that subjects an identifiable person, or narrowly defined class of persons, to imminent harm. *Purzycki* v. *Fairfield*, 244

---

[4] In *Kolaniak* v. *Board of Education*, supra, 28 Conn. App. 281–82, the court held that a bulletin to city maintenance personnel regarding the removal of snow and ice from school walkways by treatment with sand or salt was to state a policy that created a ministerial duty.

Conn. 101, 108, 708 A.2d 937 (1998). In order to satisfy this exception, the risk must be temporary and confined in space. Id., 110. "Imminent harm" excludes dangers, which, if they occur at all, might occur at some unspecified time in the future. *Evon* v. *Andrews*, supra, 211 Conn. 508. This exception has received very limited recognition in this state. *Tryon* v. *North Branford*, 58 Conn. App. 702, 710, 755 A.2d 317 (2000). The risk posed by unsupervised, accessible, vacant classrooms was, as a matter of law, determined to be too lengthy in duration to satisfy this exception. *Doe* v. *Board of Education*, 76 Conn. App. 296, 305–306, 819 A.2d 289 (2003). In *Shore* v. *Stonington*, supra, 187 Conn. 156–57, the exception was held inapplicable in the instance of a police officer who stopped an intoxicated driver operating erratically and gave him a warning but allowed him to continue to drive[5] because the officer had no reason to know his failure to arrest the driver would subject an identifiable person to imminent harm. "The adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society." Id., 157. The court continued, stating: "We do not think that the public interest is served by allowing a jury of laymen with the benefit of 20/20 hindsight to second-guess the exercise of a policeman's discretionary professional duty. Such discretion is no discretion at all." Id.

In *Evon* v. *Andrews*, supra, 211 Conn. 508, the plaintiffs' decedents, killed by a fire in their apartment building (which allegedly violated numerous statutory and regulatory fire safety rules), were held not to be persons protected by this exception, and our Supreme Court affirmed the trial court's rendering of judgment in favor of the municipal defendants sued for the alleged failure to enforce those statutes, regulations and codes. In

---

[5] Later that evening, the driver struck and killed another.

contradistinction, in *Sestito* v. *Groton*, supra, 178 Conn. 528, the court held that in the case of a police officer who witnessed a group of males, including the plaintiff's decedent, arguing, scuffling and throwing punches in a parking lot adjacent to a bar and who, after hearing gunshots, did not himself intervene in the altercation,[6] the question of the applicability of the identifiable person-imminent harm exception to governmental immunity was a jury question. See also *Shore* v. *Stonington*, supra, 187 Conn. 153 (explaining court's holding in *Sestito* v. *Groton*, supra, 528). In a number of later decisions, the exception was applied in cases involving injuries to schoolchildren. See *Purzycki* v. *Fairfield*, supra, 244 Conn. 106; *Burns* v. *Board of Education*, 228 Conn. 640, 644, 638 A.2d 1 (1994); *Colon* v. *Board of Education*, 60 Conn. App. 178, 184–85, 758 A.2d 900, cert. denied, 255 Conn. 908, 763 A.2d 1034 (2000). In those cases, the courts found the exception applicable "because the dangerous condition was sufficiently limited both in duration and in geography to make it apparent to the defendants that schoolchildren were subject to imminent harm." *Doe* v. *Board of Education*, supra, 76 Conn. App. 303. In *Doe*, our Appellate Court affirmed the trial court's rendering of judgment in favor of the defendants on the granting of a motion to strike in the case of a twelve year old student accosted and sexually molested by three male students in her home room. "[T]he facts alleged . . . are insufficient to establish that it was apparent to the defendant that its failure to act would be likely to subject students to imminent harm . . . ." Id., 305–306. Further, a risk that endangers the public in general fails to fulfill the identifiability aspect of this exception. *Shore* v. *Stonington*, supra, 156–57. The exception is inapplicable in the present case

[6] In discussing *Sestito*, the Appellate Court noted that although the officer attempted to call the police station for instructions, he did not drive into the parking lot when he could have done so without impediment. *Doe* v. *Board of Education*, supra, 76 Conn. App. 301.

because the decedent was not identifiable and the harm was not imminent.

In the present case, there is an additional reason for finding the exception relied on by the plaintiff inapplicable. In *Pane* v. *Danbury*, 267 Conn. 669, 841 A.2d 684 (2004), the Supreme Court noted "that there is an exception to the doctrine of qualified immunity from liability as it applies to a municipal *employee*, as distinct from the municipality itself, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . . That exception does not apply in this case because the claims against [Emanuel] Merullo[7] have been withdrawn." (Citation omitted; emphasis in original; internal quotation marks omitted.) Id., 677–78 n.9. Because in the present case, the plaintiff did not sue any municipal employee, the exception is inapplicable to the direct liability imposed against a municipality under § 52-557n. The town of Burlington is sued under that statute in both counts one and eight; the town of Farmington is so sued in both counts four and eleven. Similarly, no municipal employee is identified in counts three and ten addressed to the Farmington police department though that department is said to be liable under that statute in paragraph four of those counts as well. Given that the thrust of the exception rests on a conclusion that under a particular set of circumstances, it should have been apparent to a specific municipal employee that failure to act would be likely to subject an identifiable person to imminent harm, the exception is not here either applicable or available.

The "loss of chance" counts (counts eight, ten and eleven) are premised on liability imposed by § 52-557n.

---

[7] Merullo was the city's personnel director, who, it was claimed, permitted a newspaper reporter to review the plaintiff's personnel file pursuant to the Freedom of Information Act.

These counts, based as they are on claimed negligence in the performance of discretionary acts, are barred by governmental immunity to which no exception applies.[8]

## III

## CONCLUSION

The defendants' motion for summary judgment regarding counts one, three, four, eight, ten and eleven of the plaintiff's amended complaint of June 10, 2004, is hereby granted.

---

[8] The court need not address whether the Farmington police department has immunity under § 7-311 for claims arising from delay in reporting a fire or other emergency. The alleged failure to train persons properly to respond to 911 calls, to follow dispatch protocols, dispatch emergency medical service workers or to supervise properly the work of dispatchers are discretionary acts to which governmental immunity attaches.