PATRICIA MERRITT, ADMINISTRATRIX (ESTATE OF DARNEL PATRICK MERRITT) *v.* TOWN OF BETHEL POLICE DEPARTMENT ET AL.
(AC 30515)

Flynn, C. J., and Lavine and Borden, Js.*

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued January 7—officially released May 4, 2010

*Lucia Lanzaro Goodwin*, with whom were *J. Michael Cantore, Jr.*, and *Paul J. Pacifico*, for the appellant (plaintiff).

*Michael F. O'Connor*, with whom, on the brief, was *Scott R. Ouellette*, for the appellees (named defendant et al.).

FLYNN, C. J. The plaintiff, Patricia Merritt, administratrix of the estate of Darnel Patrick Merritt, her deceased son, appeals from the judgment of the trial court rendered after it granted the motion to strike counts one through four of the plaintiff's fifth amended complaint, filed by the defendants the town of Bethel police department and Officers Matthew DiRago and Lynn Morris, on the ground of governmental immunity.[1] On appeal, the plaintiff claims that her negligence claims were not barred by the doctrine of governmental immunity because her decedent fell within the identifiable person subject to imminent harm exception to discretionary governmental immunity. We affirm the judgment of the trial court.

The following facts, as alleged in the plaintiff's fifth amended complaint, and procedural history are relevant to our resolution of the plaintiff's appeal. On the late evening of November 26, 2004, through the early morning hours of November 27, 2004, the decedent attended a party at the Masonic Temple in Bethel. At approximately 1:41 a.m. on November 27, 2004, the decedent and others left the party, and the decedent was met by members of a gang from Rhode Island, known as the "Asian Boyz." One of the members of this gang then shot the decedent several times with a handgun. The Bethel police department and, in particular, DiRago and Morris, had information that prior criminal activity had taken place at the Masonic Temple, that a scuffle had occurred shortly before the shooting and that gang members were at the party. At the time of the shooting, DiRago and Morris had been stationed in

---

[1] The plaintiff also had alleged negligence against the Masonic Temple Association of Bethel, Connecticut, Inc., in count five of her complaint. That claim, however, subsequently was withdrawn. The remaining defendants, the police department, DiRago and Morris collectively are referred to as the defendants on appeal.

a parking lot adjacent to the Masonic Temple, where they were monitoring the activities taking place at the Masonic Temple. After hearing gunshots, DiRago and Morris went to the scene and found the decedent severely injured. The decedent later died as a result of these injuries.

The plaintiff brought this action against the town of Bethel police department pursuant to General Statutes § 52-557n[2] and against DiRago and Morris, individually, alleging negligence. The defendants filed a motion to strike all counts of the complaint as to them on the ground of governmental immunity.[3] The court agreed that governmental immunity was applicable in this case and that the decedent did not fit within the exception for an identifiable person subject to imminent harm, and it granted the defendants' motion to strike. After judgment was rendered in favor of the defendants, the plaintiff filed the present appeal.

On appeal, the plaintiff claims that the court improperly granted the defendants' motion to strike. She argues that the decedent was an identifiable person subject to imminent harm or that he was a member of an identifiable class of foreseeable victims, that class being all the people in attendance at the party.[4] We do not agree.

---

[2] General Statutes § 52-557n provides in relevant part: "(a) (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . . (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

[3] See footnote 1 of this opinion.

[4] Although the plaintiff had alleged that DiRago and Morris were engaged in ministerial acts in each count against them in her complaint, she also alleged in those same counts that the decedent was an identifiable victim

The appellate standard of review from the granting of a motion to strike is well settled. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling . . . is plenary." (Internal quotation marks omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 667, 748 A.2d 834 (2000). "For the purpose of ruling upon a motion to strike, the facts alleged in a complaint, though not the legal conclusions it may contain, are deemed to be admitted." (Internal quotation marks omitted.) *Murillo* v. *Seymour Ambulance Assn., Inc.*, 264 Conn. 474, 476, 823 A.2d 1202 (2003). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 498, 815 A.2d 1188 (2003). "[W]here it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant is not required to plead governmental immunity as a special defense and may attack the legal sufficiency of the complaint through a motion to strike." *Doe* v. *Board of Education*, 76 Conn. App. 296, 299 n.6, 819 A.2d 289 (2003).

In considering the merits of the plaintiff's claim on appeal, we apply the following principles of governmental immunity. "The [common-law] doctrines that determine the tort liability of municipal employees are well established. . . . Generally, a municipal employee is

subject to imminent harm. The court determined that other than the simple legal conclusion set forth in the counts against DiRago and Morris alleging that their acts were ministerial, there were no factual allegations that would support a claim that the officers were acting in a ministerial capacity. The plaintiff has not contested this on appeal, and the sole focus of her appellate brief is on her claim that the court incorrectly concluded that the decedent did not fit within the identifiable person subject to imminent harm exception to discretionary governmental immunity.

liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . The hallmark of a discretionary act is that it requires the exercise of judgment. . . . In contrast, [m]inisterial refers to a duty [that] is to be performed in a prescribed manner without the exercise of judgment or discretion. . . .

"Municipal officials are immunized from liability for negligence arising out of their discretionary acts in part because of the danger that a more expansive exposure to liability would cramp the exercise of official discretion beyond the limits desirable in our society. . . . Discretionary act immunity reflects a value judgment that—despite injury to a member of the public—the broader interest in having government officers and employees free to exercise judgment and discretion in their official functions, unhampered by fear of second-guessing and retaliatory lawsuits, outweighs the benefits to be had from imposing liability for that injury. . . . In contrast, municipal officers are not immune from liability for negligence arising out of their ministerial acts, defined as acts to be performed in a prescribed manner without the exercise of judgment or discretion. . . . This is because society has no analogous interest in permitting municipal officers to exercise judgment in the performance of ministerial acts. . . .

"There are three exceptions to discretionary act immunity. Each of these exceptions represents a situation in which the public official's duty to act is [so] clear and unequivocal that the policy rationale underlying discretionary act immunity—to encourage municipal officers to exercise judgment—has no force. . . . First, liability may be imposed for a discretionary act when the alleged conduct involves malice, wantonness or intent to injure. . . . Second, liability may be

imposed for a discretionary act when a statute provides for a cause of action against a municipality or municipal official for failure to enforce certain laws. . . . Third, liability may be imposed when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . ." (Citations omitted, internal quotation marks omitted.) *Violano* v. *Fernandez*, 280 Conn. 310, 318–20, 907 A.2d 1188 (2006).

In the present case, the plaintiff contends that the exception to governmental immunity for an identifiable person subject to imminent harm is applicable. "[T]his exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." (Internal quotation marks omitted.) Id., 329. Our courts have applied the exception when "the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . . By its own terms, this test requires three things: (1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm." (Citation omitted; internal quotation marks omitted.) *Doe* v. *Petersen*, 279 Conn. 607, 616, 903 A.2d 191 (2006). The failure to establish any one of the three prongs precludes the application of the identifiable person subject to imminent harm exception. See *Violano* v. *Fernandez*, supra, 280 Conn. 329.

With respect to the identifiable victim element, our Supreme Court has stated that "this exception applies not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims. . . . [W]hether a particular plaintiff comes within a cognizable class of foreseeable victims for purposes of this

narrowly drawn exception to qualified immunity ultimately is a question of law for the courts, in that it is in effect a question of whether to impose a duty of care. . . . In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." (Internal quotation marks omitted.) *Grady* v. *Somers*, 294 Conn. 324, 350–51, 984 A.2d 684 (2009).

In the present case, in granting the defendants' motion to strike, the court cited *Durrant* v. *Board of Education*, 284 Conn. 91, 931 A.2d 859 (2007), as the basis for its granting the motion. Recently, our Supreme Court discussed the *Durrant* case in some detail: "In our recent decision in *Durrant,* we emphasized the narrowness of the class of persons who may be identified as foreseeable victims, and concluded that a six year old child present on school grounds to attend an after school day care program, and by association, his mother, who was injured when she fell on school grounds after she arrived to pick her child up, were not member[s] of an identifiable class of foreseeable victims subject to imminent harm for purposes of satisfying that exception to the qualified immunity of a municipal employee for discretionary acts. . . . Assuming that the imminent harm requirement had been satisfied, we emphasized that [t]he only identifiable class of foreseeable victims that we have recognized for these purposes is that of schoolchildren attending public schools during school hours because: they were intended to be the beneficiaries of particular duties of care imposed by law on school officials; they were legally required to attend school rather than being there voluntarily; their parents were thus statutorily required to relinquish their custody to those officials

during those hours; and, as a matter of policy, they traditionally require special consideration in the face of dangerous conditions." (Citation omitted; internal quotation marks omitted.) *Grady* v. *Somers*, supra, 294 Conn. 351–52.

The Supreme Court went on to explain that in *Durrant*, "the plaintiff was not a member of a narrowly defined class of foreseeable victims because she was not compelled statutorily to relinquish protective custody of her child. No statute or legal doctrine required the plaintiff to enroll her child in the after school program; nor did any law require her to allow her child to remain after school on that particular day. . . . The plaintiff's actions were entirely voluntary, and none of her voluntary choices imposes an additional duty of care on school authorities . . . despite the fact that our state statutes condone and even encourage the use of public school facilities for the very purpose for which the plaintiff's child was in attendance at the school on the day of the plaintiff's fall." (Internal quotation marks omitted.) Id., 352–53.

Our Supreme Court explained in *Grady* that we have not recognized any additional classes of foreseeable victims outside of the public school context, and, even in such a context, such a class has only been recognized where attendance has been compulsory. See id., 352. The plaintiff in *Grady* had been injured at the town transfer station, and he argued that as a town resident, who had purchased a permit for the transfer station, he was within a class of foreseeable victims. Id., 328, 356. Our Supreme Court stated: "[W]hether a particular plaintiff comes within a cognizable class of foreseeable victims for purposes of this exception to qualified immunity is ultimately a question of policy for the courts, in that it is in effect a question of duty . . . [that] involves a mixture of policy considerations and evolving expectations of a maturing society . . . .

Nevertheless, under our case law . . . wherein we have interpreted the identifiable person element narrowly as it pertains to an injured party's compulsion to be in the place at issue, we conclude that the plaintiff is not a member of a class of foreseeable victims because, as he acknowledges, he was not legally required to dispose of his refuse by taking it to the transfer station personally and could have hired an independent contractor to do so." (Citations omitted; internal quotation marks omitted.) Id., 356.

In the present case, there is no allegation that the decedent and others were statutorily mandated or compelled to attend the party at the Masonic Temple. We conclude, therefore, that the decedent was not a member of a narrowly defined class of foreseeable victims.

The plaintiff also argues that her decedent, even if not a member of a class of foreseeable victims, was an identifiable person subject to imminent harm because the police should have recognized that "their failure to intervene would subject [the decedent] to . . . harm [when] . . . the police officers were stationed next-door for the purposes of monitoring the activities at the Masonic Temple . . . [and they had] prior information . . . [of] gang activity at the party . . . gang members at the party . . . the scuffle at the party . . . and prior criminal activity at the Masonic Temple . . . ." (Citations omitted.) We do not agree.

The identifiable person subject to imminent harm exception to discretionary government immunity, as stated previously, is a narrow one whether a victim is claiming that he is within a foreseeable class of victims or whether he is claiming that he is a foreseeable victim, individually. "[I]n addition to not recognizing any additional classes of foreseeable victims, the decisions [of our Supreme Court] reveal only one case wherein a specific plaintiff was held potentially to be an identifiable victim subject to imminent harm for purposes of

this exception to qualified immunity. See *Sestito* v. *Groton*, [178 Conn. 520, 522–23, 423 A.2d 165 (1979)] (facts presented jury question in case wherein on-duty town police officer watched and witnessed ongoing brawl in bar's parking lot but did not intervene until after participant had shot and killed plaintiff's decedent). *Sestito* appears, however, to be limited to its facts, as the remainder of the case law indicates that this exception has been applied narrowly, because [a]n allegedly identifiable person must be identifiable as a potential victim of a specific imminent harm." (Internal quotation marks omitted.) *Grady* v. *Somers*, supra, 294 Conn. 353–54.

In the present case, the plaintiff has alleged that her decedent attended a party at the Masonic Temple, that gang members were present, that a scuffle had occurred shortly before the shooting, that the police were aware that prior criminal activity had taken place there and that the police were monitoring the activities taking place there at the time of the shooting. Nothing in these allegations demonstrates that DiRago, Morris or the Bethel police department knew the decedent or of his presence at the Masonic Temple or that they had any prescient knowledge that he would be shot in the early morning hours of November 27, 2004. There were no allegations that the police knew that gang members were armed and that they were going to shoot the decedent when he left the party. There simply are no allegations in the plaintiff's complaint that would fit the decedent within the exception to governmental immunity for an identifiable person subject to imminent harm. Accordingly, the court properly granted the defendants' motion to strike.

The judgment is affirmed.

In this opinion the other judges concurred.